Thatcher, J.
When this cause was on trial, F inclined to think that, the Habeas Corpus Act having subjected the jailer to a severe penalty for neglecting to furnish a prisoner with a copy of the process by which he was held, it was incumbent on the creditor to deliver such copy to the jailer; and that when he failed so to do, as in this instance, the jailer could not be chargeable for liberating a prisoner whose detention, under such circumstances, would induce a heavy penalty on .the jailer. Upon further considering the subject, I am satisfied that it was the duty of the sheriff to procure a copy of the order of court for taking this debtor into his custody ; and that, under the circumstances of this case, he is liable for an *495 escape.' It is, therefore, my opinion that there ought to be a new trial.
Sewall, J., concurred.
Parsons, C. J.
This case comes before the Court upon exceptions filed to the direction given the jury by the judge before whom the cause was tried. Randall, the plaintiff", having recovered judgment against Ezekiel Bray, in an action commenced by writ, on which Bray was holden to bail, and his execution upon that judgment having been returned non est inventus, he sued out a scire facias against the bail. Pending the scire facias the bail brought Bray into court, and surrendered *him in [ * 552 ] their own discharge. The court allowed the surrender, and thereupon committed Bray to the ■ custody of Bridge, the sheriff, that his body might be taken in execution. The sheriff received Bray into his custody, and, before the expiration of thirty days after the surrender, voluntarily suffered him to go at large. The sheriff’s defence is, that the plaintiff never delivered him a copy of the order of the court committing Bray to his custody The judge directed the jury that this defence was sufficient in law and they found accordingly. If this defence was sufficient, the direction was right; otherwise, a new trial ought to be granted.
By the second section of the statute regulating bail in civil causes, it is provided that, if the bail shall bring the principal into court before judgment shall be given on the scire facias, and there deliver him to the order of the court, and shall pay the costs in the scire facias, then the bail shall be discharged; and the principal shall be committed to jail, there to remain for the space of thirty days in order to his being taken in execution. And if the creditor shall not take him in execution within that time, the sheriff shall discharge him, paying the prison fees. Pursuant to this provision the principal was surrendered, arid by order of the'court committed to jail, where it was the duty of the sheriff to detain him for thirty days. The commitment was legal, and the sheriff well knew it when the debtor was committed to his custody. Under these circumstances, his permitting him to go at large was an escape, for which he is answerable to the plaintiff unless there be some other legal principle which can protect him.
His counsel rely on the sixth section of the Habeas Corpus Act, which provides that if any officer, in whose custody any prisoner shall be, shall not, within six hours after demand made, deliver such prisoner a true copy of the warrant or process by which he stands committed, such officer shall forfeit fifty pounds to the party grieved. Hence it is argued that there can be no escape but from a lawful imprisonment; that the imprisonment is not lawful unless *496 a copy of the warrant or process of commitment be delivered to the sheriff, that he deliver it to the prisoner, if demanded, [ * 553 ] and avoid the forfeiture; and as * it is stated in the exceptions that no copy of the order of commitment was delivered to the sheriff by the plaintiff, or any other person, they infer that the imprisonment was unlawful, and the sheriff justifiable in permitting the prisoner to go at large.
Orr for the plaintiff.
Lee and Mellen for the defendant.
We are not satisfied with this reasoning, as it is founded on an erroneous construction of the Habeas Corpus Act. It is the intention of that act to relieve against unlawful imprisonment, and not to alter the law authorizing commitments ; and the section referred to applies only to cases in which the commitment is by warrant or process, a copy of which must be left with the sheriff, to oblige him to receive the prisoner, and not to cases where no warrant or process need be shown to the sheriff. (a)
A commitment, for legal cause, of any man present in court, by an order of a competent court, entered of record, is still a legal commitment, and the sheriff is bound to obey the order. The prisoner knows for what cause, and by whom, he is committed ; and he may at any time have a copy of the record; and the sheriff, if called upon to justify the imprisonment, pr to certify the cause of it, may have access to the same record, a copy of which the clerk will give him ex officio.
The case of commitment of a debtor, on being surrendered by his bail, does not differ in principle from cases where a prisoner charged with an offence comes into court on recognizance, and after conviction is sentenced to imprisonment. The sheriff is obliged immediately to obey the order of court, and to commit the prisoner in execution; and, on application to the clerk, he may have a copy of the sentence. And was it ever, supposed, if the sheriff neglected to apply for a copy, and to keep it in his possession, that therefore the imprisonment under it was illegal ? To suppose this would be confounding the legality of the imprisonment with the legality of the evidence by which it may be proved. In the case at bar, the plaintiff is in no fault. He was a party to the surrender: it was not made at his motion, nor could he have prevented it; and the de fence set up by the sheriff appears to us all, upon full consideration, to be only a subterfuge to excuse a voluntary escape. The verdict must be set aside, and a new trial be granted.

 Commonwealth vs. Brickett, 8 Pick. 138.