RICHARD H. CROWELL *vs.* COMMONWEALTH.

Suffolk.   March 6, 1967. — March 31, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Habeas Corpus. Error, Writ of. Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Assistance of counsel.

Where a prisoner serving a sentence following a plea of guilty in a criminal proceeding which was not void claimed a violation of his constitutional right to assistance of counsel during such proceeding, his remedy was by writ of error and not by habeas corpus.

PETITION for a writ of habeas corpus filed in the Superior Court on March 3, 1965.

The case was heard by *Pillsbury,* J.

The case was submitted on briefs.

*Paul D. Doherty* for the petitioner.

*Willie J. Davis,* Assistant Attorney General, for the Commonwealth.

WILKINS, C.J.   The petitioner is serving a sentence in the Massachusetts Correctional Institution at Walpole following a conviction for several crimes as appears in the original papers on which this case is brought before us. This is a petition for a writ of habeas corpus in the Superior Court.   It alleges that his constitutional rights were violated because he was denied the assistance of counsel (1) during police interrogation and (2) in the Municipal Court of West Roxbury, where he was bound over to the grand jury without hearing.   The petition was dismissed for want of jurisdiction.   The ruling was right.

Habeas corpus cannot be employed as a substitute for ordinary appellate procedure, and so, in general, is not available where there is a remedy by writ of error or appeal. *Crystal, petitioner,* 330 Mass. 583, 590. See *O'Leary, petitioner,* 325 Mass. 179, 184. The petitioner does have a remedy by writ of error. In many cases the issue of lack of representation by counsel has been raised on writ of error. See *Allen* v. *Commonwealth,* 324 Mass. 558; *Lindsey* v. *Commonwealth,* 331 Mass. 1; *Jones* v. *Commonwealth,* 331 Mass. 169; *Pugliese* v. *Commonwealth,* 335 Mass. 471. It is not a formidable objection that the petitioner pleaded guilty. See *DeGolyer* v. *Commonwealth,* 314 Mass. 626.

The petitioner relies exclusively on *O'Leary, petitioner,* 325 Mass. 179, *supra,* where a writ of habeas corpus was granted to a boy who had been deprived of his liberty without due process of law, because he had not been given notice of the proceedings, and so had been deprived of opportunity to defend. As was pointed out (p. 182) there was, in truth, no real hearing, and the proceedings were void (p. 184). In the case at bar the proceedings were not void.

*Exceptions overruled.*