SHERIFF OF SUFFOLK COUNTY *vs.* PAULINO PIRES.

Suffolk. September 6, 2002. - November 5, 2002.

Present: MARSHALL, C.J., GREANEY, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Habeas Corpus. Bail.*

This court concluded that a petition for a writ of habeas corpus is not gener-
ally a proper means of appealing from a bail revocation proceeding under
G. L. c. 278, § 58, and that a conditional writ of habeas corpus issued by a
Superior Court judge was issued in error. [97-102]

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on May 3, 2002.

The case was reported by *Cordy*, J.

*Dean A. Mazzone*, Assistant Attorney General (*William J.
Meade*, Assistant Attorney General, with him) for the plaintiff.

*Eduardo Masferrer*, Committee for Public Counsel Services
(*Benjamin H. Keehn*, Committee for Public Counsel Services,
with him) for the defendant.

CORDY, J. Acting on a petition for relief brought by the sheriff
of Suffolk County pursuant to G. L. c. 211, § 3, a single justice
of this court reserved and reported the following question: is a
petition for a writ of habeas corpus a proper means of appealing
from a bail revocation proceeding under G. L. c. 276, § 58? We
conclude that it is not.

1. *Background.* On August 22, 2001, Paulino Pires was
indicted on charges of illegal possession of a firearm, posses-
sion of a high-capacity feeding device, and possession of a
firearm without a firearm identification card. He was arraigned
in the Superior Court on September 5, 2001, and was released
after posting $1,500 bail (2001 bail). While released on bail,
Pires was arrested in connection with a shooting in the Dorches-
ter section of Boston and charged with assault with intent to
murder, assault and battery by means of a dangerous weapon,
and several firearms-related offenses.

At his arraignment in the Dorchester Division of the District Court, bail was set on the new charges at $25,000 cash, and, pursuant to G. L. c. 276, § 58, the Commonwealth moved to revoke Pires's 2001 bail.[1] Pires sought a continuance in order to call witnesses for the bail revocation hearing, but the judge denied his motion. After reviewing police reports regarding the shooting, which were offered by the Commonwealth in support of its motion for bail revocation, the judge found that there was probable cause to believe that Pires had committed new crimes while on release under the terms of his 2001 bail, and that he was a danger to the community.[2] Accordingly, the judge revoked the 2001 bail, and ordered that Pires be held without bail on the August 22, 2001, indictment.

Pires then filed a petition for a writ of habeas corpus in the Superior Court. After a hearing before a Superior Court judge, the matter was remanded to the District Court for another bail revocation hearing at which Pires would be allowed to call witnesses. The judge further ordered that, if she lacked the power to remand the matter to the District Court, her order was to "be deemed a conditional writ of habeas corpus . . . and the earlier bail order of $1,500 shall be reinstated." The judge stayed her order and the sheriff filed the instant petition for relief.[3]

2. *Discussion.* Known as "The Great Writ," habeas corpus is

---

[1]In relevant part, G. L. c. 276, § 58, provides: "If a person is on release pending the adjudication of a prior charge, and the court before which the person is charged with committing a subsequent offense after a hearing at which the person shall have the right to be represented by counsel, finds probable cause to believe that the person has committed a crime during said period of release, the court shall then determine, in the exercise of its discretion, whether the release of said person will seriously endanger any person or the community. . . . If the court determines that the release of said person will seriously endanger any person or the community and that the detention of the person is necessary to reasonably assure the safety of any person or the community, the court may revoke bail on the prior charge and may order said person held without bail pending the adjudication of said prior charge, for a period not to exceed sixty days."

[2]The judge also found that Pires had been advised at the time of his release on the 2001 bail that if he were charged with a crime while on release his bail could be revoked. See G. L. c. 276, § 58, third par.

[3]We do not consider any of the issues raised in the sheriff's petition save for the single question that was reserved and reported to the court by the single justice.

one of the bedrock principles of Anglo-Saxon law that dates at least from the Magna Carta of 1215. See *Aime* v. *Commonwealth*, 414 Mass. 667, 676-677 (1993); 1 C.J. Antieau, Extraordinary Remedies: Habeas Corpus and the Other Common Law Writs 1 (1987); Oaks, Habeas Corpus in the States — 1776-1865, 32 U. Chi. L. Rev. 243, 243, 251-253 (1965). The writ of habeas corpus is guaranteed in Part II, c. 6, art. 7, of the Massachusetts Constitution,[4] and statutorily provided for in G. L. c. 248. Pires asserts that he is entitled to a writ of habeas corpus under either §§ 21 or 25 of G. L. c. 248, as a remedy to the unlawful revocation of his bail. We disagree.

The language of G. L. c. 248, § 21, provides only that a writ of habeas corpus is available where a petitioner seeks to be admitted to bail. It is silent on the question whether habeas corpus is a proper mechanism for reviewing bail revocation proceedings. Section 21 states that:

> "If a person is committed to jail on a criminal accusation for want of bail, a justice of the superior court or of a district court or a trial justice may issue a writ of habeas corpus and cause the prisoner to be brought before him, when it is necessary for the purpose of admitting him to bail pursuant to [G. L. c. 276]."

The plain meaning of this provision is unambiguous: when a person is initially held in custody because he is unable to meet bail (i.e., where he is committed "for want of bail") and subsequently acquires the means to post bail, he may properly petition for a writ of habeas corpus pursuant to § 21 so that he may be allowed to post bail (i.e., be admitted to bail) and be immediately released from custody.

The posture of this case is very different from that contemplated by § 21. Pires is not being held for want of bail. His petition for writ of habeas corpus does not seek his admission to bail, but rather, challenges the District Court's revocation of his bail and its imposition of detention without the right to bail

---

[4]"The privilege and benefit of the writ of habeas corpus shall be enjoyed in this Commonwealth in the most free, easy, cheap, expeditious and ample manner; and shall not be suspended by the legislature, except upon the most urgent and pressing occasions, and for a limited time not exceeding twelve months." Part II, c. 6, art. 7, of the Massachusetts Constitution.

pursuant to G. L. c. 276, § 58. An order revoking bail is different in kind from an order that sets bail or that remands a defendant into custody for want of bail. See, e.g., *Delaney* v. *Commonwealth*, 415 Mass. 490, 493-494 (1993) (distinguishing context in which bail is set from that in which it is revoked). The language of § 21 simply does not apply to incarceration effected by the revocation of bail.

Pires's assertion that G. L. c. 248, § 25, provides another procedural route for the use of a petition for a writ of habeas corpus to challenge a bail revocation order is equally unavailing. Section 25 provides that a judge, in his discretion, may issue a writ of habeas corpus in order to "grant bail to a person for whatever cause he has been committed or restrained, or to discharge him as law and justice require." While a literal reading of the sweeping language of this section might give rise to the relief that Pires seeks, its interpretation and application are constrained by two traditional limitations on a judge's discretion to issue writs of habeas corpus.

In *Randall* v. *Bridge*, 2 Mass. 549, 553 (1807), the court noted: "It is the intention of [habeas corpus] to relieve against unlawful imprisonment, and not to alter the law authorizing commitments." To hold otherwise "would be confounding the legality of the imprisonment with the legality of the evidence by which it may be proved." *Id.* Nearly fifty years later, in *Clarke's Case*, 12 Cush. 320, 321 (1853), Chief Justice Shaw echoed the court's opinion in *Randall* when he wrote:

> "It is of importance to understand what are the proper subjects of inquiry on the return of a habeas corpus. In general, it is not to inquire into the merits of a judgment under which a party is committed; otherwise this very summary proceeding, regarded as so important to the security of personal liberty, would come to be regarded as a mere general appeal or writ of error . . . ."

Hence, the first limitation on a court's discretion to grant a writ of habeas corpus is that it "cannot be employed as a substitute for ordinary appellate procedure." *Crowell* v. *Commonwealth*, 352 Mass. 288, 289 (1967). See *Crystal, petitioner*, 330 Mass. 583, 590 (1953) ("Notwithstanding the generality of the

language of the [habeas corpus] statute, it is settled that habeas corpus cannot be employed as a substitute for ordinary appellate procedure and so in general is not available where there is a remedy by writ of error or appeal"); *O'Leary, petitioner*, 325 Mass. 179, 184 (1950) (habeas corpus "cannot take the place of a writ of error in a case which was within the jurisdiction of the court, and where the only question raised is the correctness of the rulings of the court").

The second limitation on the issuance of the writ is inherent in its purpose. "The great purpose of the writ of habeas corpus is the immediate delivery of the party deprived of personal liberty." *Wyeth* v. *Richardson*, 10 Gray 240, 241 (1857). Hence, it is available only where granting the writ would result in the petitioner's immediate release from custody. See *Averett, petitioner*, 404 Mass. 28, 31, 32 (1989) ("person granted a writ of habeas corpus must be released immediately," therefore "individuals who establish that their lawfully imposed sentences have expired may petition for habeas corpus"); *Stokes* v. *Superintendent, Mass. Correctional Inst., Walpole*, 389 Mass. 883, 886 (1983) ("essence of a writ of habeas corpus is the immediate release of a party deprived of his personal liberty"); *Pina* v. *Superintendent, Mass. Correctional Inst., Walpole*, 376 Mass. 659, 665 (1978) (where petitioner "was not eligible for release at the time of the hearing on his petition . . . [he] failed to state a claim for a writ of habeas corpus").

The use of a petition for a writ of habeas corpus for the purpose of challenging the propriety of a bail revocation order will generally fail to overcome the first of these limitations, and often, as in this case, the second as well. As to the first, Pires does not contend that there is no law authorizing the revocation of his bail or his detention without bail (there clearly is), or that he is being held beyond the lawful (sixty-day) term of his commitment. Rather, his challenge is directed at the adequacy of the evidence and process used in committing him under the law. In substance, he seeks a review of the merits of the underlying judgment revoking his bail, a review that we have previously concluded is not available in the Superior Court, *Delaney* v. *Commonwealth*, 415 Mass. 490, 496 (1993) (appeal from bail revocation order not available in Superior Court), and for which we have permitted an avenue of relief pursuant to G. L. c. 211,

§ 3.[5] See *Jake J.* v. *Commonwealth*, 433 Mass. 70, 73 (2000) (petition for relief from bail revocation order brought pursuant to G. L. c. 211, § 3); *Delaney* v. *Commonwealth*, *supra* at 491 (same); *Aime* v. *Commonwealth*, 414 Mass. 667, 669 (1993) (due process constitutional challenge to bail statute brought pursuant to G. L. c. 211, § 3). To permit the use of a writ of habeas corpus in circumstances where the nature of the challenge is an appeal from the underlying judgment, and where another avenue of relief exists, would be inconsistent with our long-standing rule that it ought not be employed as a substitute for appellate review. *Crowell* v. *Commonwealth*, *supra* at 289. In addition, its use as a vehicle to challenge important determinations of fact and law made in the trial court is particularly awkward and unsuitable where the Commonwealth has no right to seek appellate review if the writ is granted. See *Averett, petitioner*, *supra* at 32, and cases cited (appeal does not lie from issuance of writ of habeas corpus).

While its inability to overcome the first of these traditional limitations on its use is, in our view, determinative of the question reported by the single justice, it should be noted that a petition for a writ of habeas corpus brought in these circumstances often would not overcome the second of these limitations either. As in this case, the petitioner is not entitled to immediate release on the issuance of the writ. Pires was held by the sheriff not only under the authority of the detention order, but also for want of posting the $25,000 bail imposed on the new offenses. Because the granting of the writ would not have resulted in his immediate release from the custody of the sheriff, it should have been (and would often be) denied for that reason. See *Hennessy* v. *Superintendent, Mass. Correctional Inst., Framingham*, 386 Mass. 848, 851-852 (1982) (where inmate's claim of

---

[5]In *Delaney* v. *Commonwealth*, 415 Mass. 490, 496-497 (1993), we noted in dictum that "the parties [had] not explored alternative procedural routes for challenging a bail revocation order, such as a petition for a writ of habeas corpus." Pires has seized on this dictum to support his claim that a writ of habeas corpus lies in these circumstances. We made it clear in *Delaney* that "[w]e intimate no views on any of these issues or other legal questions that were not presented to us." *Id.* at 497. While this dictum may have caused some uncertainty and some inconsistency in decisions of single justices in the county court, we now remedy that problem by rejecting its implication.

statutory good time credits on sentence being served would not result in immediate release because of outstanding consecutive sentence, petition for habeas corpus relief did not lie).

3. *Conclusion.* In answer to the question reserved and reported by the single justice, a petition for a writ of habeas corpus is not generally the proper means by which to appeal from a bail revocation order. The writ issued by the Superior Court was therefore issued in error. The case is remanded to the county court where a judgment shall enter vacating the order of the Superior Court judge.

*So ordered.*