The petitioner, Jerome Tibbs,[2] is presently being housed at the Souza-Baranowski Correctional Center (Souza-Baranowski) as a pretrial detainee. She filed a petition for writ of habeas corpus in the Superior Court, contending that her removal from county jail to Souza-Baranowski was improper under G. L. c. 276, § 52A.[3] The judge dismissed the petition on the ground that the petitioner was "a lawfully held [ § 52A ] pre-trial detainee." The petitioner's motion for reconsideration was denied.
The procedure and parameters for removing a pretrial detainee from a county jail to a State correctional institution are detailed in § 52A : "Persons held in jail for trial ... if they have been previously incarcerated in a correctional institution of the commonwealth under sentence for a felony, may, with the approval of the district attorney, be removed by the commissioner of correction to a correctional institution of the commonwealth, and said commissioner shall, at the request of the district attorney, cause them to be returned to the jail where they were awaiting trial" (emphasis supplied). G. L. c. 276, § 52A, as amended through St. 1973, c. 514.
The petitioner was arrested and held on charges stemming from offenses alleged in both Suffolk and Norfolk County. She was held in the Suffolk County jail and subsequently transferred to Souza-Baranowski, a State correctional institution where she had previously been incarcerated as a result of a felony conviction. She argues that her present pretrial detention is unlawful as it does not comply with the requirements of § 52A. She further challenges her bail as excessive and contends that she has been hindered from contacting her attorney. Because we conclude that a habeas petition is not the proper vehicle to press the latter two arguments, as those contentions should properly be raised in her pending criminal proceedings, they need not be further discussed in this memorandum and order.[4] See Doyle v. Commonwealth, 472 Mass. 1002, 1003 (2015). Cf. Sheriff of Suffolk County v. Pires, 438 Mass. 96, 99-101 (2002).
Ultimately, it is unclear on the record before us whether the petitioner was transferred with the required approval from the Suffolk County district attorney. At oral argument, the Commonwealth asserted that the Supreme Judicial Court's order no. 49, SJ-1984-278 and SJ-1984-282 (Nov. 6, 1990), addressing overcrowding in the Suffolk County jail created an implicit and ongoing agreement for the transfer of past felons to a State correctional institution. That order recommends the continued use of § 52A as a means to combat overcrowding, but it is unclear whether it serves to override the statutory requirement of district attorney approval. Thus, we vacate the judgment dismissing the petition for writ of habeas corpus and remand the case to the Superior Court for development of that question and to ultimately determine whether the transfer complied with the statutory requirements of § 52A.
So ordered.
Vacated and remanded.

As the petitioner identifies as a transgendered woman, we use feminine pronouns.

The petitioner also contends that since Souza-Baranowski is a "maximum security" prison equivalent to MCI-Cedar Junction, the statutorily designated "state prison," her pretrial detention there constitutes "infamous punishment" in violation of art. 12 of the Massachusetts Declaration of Rights. Due to our resolution here we need not reach this issue, which we leave for the court to address on remand.

Insofar as the petitioner is challenging the conditions of her confinement, a habeas corpus proceeding also is not the proper vehicle for these claims. See Dutil, petitioner, 437 Mass. 9, 22 (2002).