Following a jury trial, the defendant, Henry O. Valerio, was convicted of three counts of rape of a child, one count of assault with intent to rape a child, and one count of indecent assault and battery on a child. The defendant had been present throughout the trial, until March 21, 1990, when the defendant defaulted. The guilty verdicts were taken in absentia, and a capias issued for his arrest.[3]
Over twenty years later, in 2010, the defendant was located in the Dominican Republic and returned to the United States, at which time he was sentenced.[4] He subsequently filed two motions for new trial, as well as a petition for a writ of habeas corpus. Each was denied without an evidentiary hearing. In this consolidated appeal, the defendant appeals from the denial of his petition for a writ of habeas corpus and the denial of his second motion for new trial. We affirm the judgment denying the habeas petition and vacate the order denying the motion for new trial.
1. Background. The limited record[5] is unclear as to what efforts were made during the trial to attempt to locate the defendant and to determine if his absence was voluntary. On March 23, 1990, the trial judge held a hearing to inquire as to the defendant's whereabouts. The defendant's wife testified that she had not had contact with the defendant and did not know his whereabouts. The judge and defense attorney made passing reference to deportation proceedings against the defendant, but there was no indication that the parties or the court had inquired with Federal authorities regarding the defendant's whereabouts. The judge indicated that he "[had not] heard anything that persuade[d him] that the defendant ha[d] other than left of his own accord to avoid punishment," and ordered the defendant's bail forfeited.
The defendant was sentenced in July of 2010. On October 14, 2011, he filed a motion for new trial claiming that he was not properly extradited to the United States, but rather, that his appearance was as a result of his "illegal kidnapping [from the Dominican Republic] ... in flagrant violation of all applicable international law and treaty."[6] He also argued that he had new evidence regarding the "reliability and credibility" of the victim.
After a nonevidentiary hearing, the motion judge, who was not the sentencing judge, denied the motion. The motion judge expressed "serious concerns" as to the authenticity of a document supporting the defendant's motion, and found the defendant's kidnapping claim to be "a product of [his] imagination and nothing more." He found the impeachment evidence to be "neither unavailable to the defendant at trial nor so compelling [as] to have made any difference as to the outcome." The defendant did not appeal from the denial of the motion, nor did he pursue a direct appeal from his convictions.
On October 7, 2014, the defendant filed a petition for a writ of habeas corpus pursuant to G. L. c. 248, § 1, against the Commissioner of Correction, seeking relief from his continued detention. He again argued that he had been unlawfully extradited "and in fact, kidnapped," from the Dominican Republic. For the first time, he argued that his absence at the 1990 trial had been involuntary, as the result of being taken into Federal custody, and thus, his trial in absentia was in violation of his constitutional rights. The petition was denied.
On May 23, 2016, the defendant filed a second motion for new trial. In this motion the defendant raised a claim of unlawful extradition and argued that his absence at trial had been involuntary due to his deportation. He also claimed that his sentencing attorney was ineffective in various respects,[7] and he argued that additional newly discovered evidence cast doubt on the victim's credibility.
The motion was denied.[8] The motion judge found that the defendant's extradition claim had been previously litigated in his first motion for new trial, and he was thus estopped from raising it again. He similarly concluded that the defendant's newly discovered impeachment evidence claim had been previously raised, and that, to the extent additional evidence was alleged in the instant motion, the defendant had failed to sufficiently establish that the evidence was not known or discoverable by the defendant or his counsel at the time of trial or at the time of his previous motion. As to the defendant's remaining claims regarding trial in absentia and ineffective assistance of sentencing counsel, the judge deemed them waived and declined to review them substantively.
2. Discussion. a. Habeas petition. The defendant asserts that he is entitled to a writ of habeas corpus as a remedy to purported defects in the extradition proceedings, as well as a remedy to claimed constitutional violations in the portion of his trial conducted in absentia. Because the writ is an inappropriate vehicle for these claims, we disagree.
A petition for a writ of habeas corpus must be based on "grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage." Glawson v. Commonwealth, 445 Mass. 1019, 1020 (2005), quoting Stewart, petitioner, 411 Mass. 566, 568 (1992). A writ of habeas corpus "cannot be employed as a substitute for ordinary appellate procedure." Sheriff of Suffolk County v. Pires, 438 Mass. 96, 99 (2002), quoting Crowell v. Commonwealth, 352 Mass. 288, 289 (1967).
The defendant's assertions are based on claimed errors which took place at the trial, conviction, and sentencing phases of the proceedings, and which, if warranted, could be remedied in the usual appellate process.[9] The defendant's challenges are essentially directed at the "process used in committing him under the law." Pires, 438 Mass. at 100. In such circumstances, a writ is not available. "To permit the use of a writ of habeas corpus in circumstances where the nature of the challenge is an appeal from the underlying judgment, and where another avenue of relief exists, would be inconsistent with our long-standing rule that it ought not be employed as a substitute for appellate review." Id. at 101. There was no error.
b. Second motion for new trial. We review the defendant's appeal from the denial of his motion for new trial for abuse of discretion. See Commonwealth v. Marinho, 464 Mass. 115, 123 (2013). The defendant's claim that he was improperly extradited from the Dominican Republic is essentially identical to the claim he raised in his first motion for new trial, which was denied. The claim "was actually litigated and determined in that motion, it was an essential issue in the case, and the defendant had an opportunity to obtain review of the determination of his motion for new trial." Commonwealth v. Coutu, 88 Mass. App. Ct. 686, 699 (2015). Accordingly, the defendant is estopped from relitigating the issue in the form of his current motion. See Commonwealth v. Rodriguez, 443 Mass. 707, 710-711 (2005). Even were we to conclude otherwise, the defendant's claim is precluded by a fatal lack of standing. See Commonwealth v. Diaz, 431 Mass. 822, 827 (2000) ("as extradition treaties are made for the benefit of the nations involved, only the foreign government has standing to assert a flaw in the extradition proceedings").
The defendant next claims, as he did in his first motion for new trial, that newly discovered evidence casts significant doubt on the credibility of the victim's testimony, thereby warranting a new trial. We discern no error in the motion judge's determination that the defendant failed to establish that any new evidence was unknown and not reasonably discoverable at the time of trial.[10] See Commonwealth v. Shuman, 445 Mass. 268, 271 (2005).
The defendant's remaining two claims are that he was improperly tried in absentia because his absence from the proceedings was involuntary and caused by his deportation, and that his sentencing attorney was ineffective. As the motion judge correctly found below, these newly raised claims are waived. See Rodwell v. Commonwealth, 432 Mass. 1016, 1018 (2000) ("If a defendant fails to raise a claim that is generally known and available at the time of trial or direct appeal or in the first motion for postconviction relief, the claim is waived"). This, however, does not end our inquiry. Despite this waiver, we nevertheless review "to determine whether [any] error gives rise to a substantial risk of a miscarriage of justice." Commonwealth v. Russell, 439 Mass. 340, 345 (2003).
The motion judge's findings are silent on the waived issues. Without substantive findings, we are unable to review the defendant's claims. See Commonwealth v. Williams (No. 1), 68 Mass. App. Ct. 287, 290-291 (2007). We are thus compelled to remand the matter for further findings and rulings on the defendant's two waived claims: (1) whether the defendant's absence at trial was voluntary, and if it was not, what, if any, prejudicial impact was caused by his absence,[11] and (2) whether the defendant has demonstrated that his sentencing attorney provided ineffective assistance of counsel.
3. Conclusion. We affirm the judgment denying the petition for a writ of habeas corpus. We vacate the order denying the motion for new trial and remand that matter for further proceedings consistent with this memorandum and order. We express no opinion as to the merits of the defendant's waived claims. On remand, the judge may consider whether an evidentiary hearing is necessary to address the issues raised.
So ordered.
Affirmed in part; vacated in part and remanded.

As only a very limited portion of the trial transcript is available, the record is silent as to the precise point at which the defendant's absence began. The parties agree that the defendant was present through the close of evidence and argument in the case, though they disagree on whether the defendant was present for jury instructions. In his affidavit in support of his second motion for new trial, the defendant avers that he was absent for the jury charge, whereas the Commonwealth maintains that the defendant was present until the jury began deliberations.

In May of 2010, upon his return to the United States, a new attorney was appointed for the defendant, and on July 14, 2010, the court held a sentencing hearing, at which the victim delivered an impact statement. The sentencing judge, who was not the trial judge, sentenced the defendant to concurrent terms of twenty-five to forty years in State prison for two counts of rape of a child, and on all remaining charges, sentenced the defendant to concurrent terms of probation for life, to begin after his committed sentences.

Though in its brief, the Commonwealth contests the authenticity of trial and hearing transcripts provided by the defendant, at oral argument, the Commonwealth conceded that we may rely on such transcripts.

Though in this motion the defendant states briefly that he "had been deported from the United States as of the date of the jury's in absentia verdict," he raises no claim of impropriety regarding any in absentia proceedings.

At oral argument, the defendant sought to argue additional ineffective assistance claims against trial counsel and counsel on his first motion for new trial. As these claims were raised for the first time at oral argument, we need not address them. See Commonwealth v. Richardson, 479 Mass. 344, 357 n.17 (2018) ; Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 36 (2007) ; Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Nonetheless, we note that the defendant has failed to support his claims by providing affidavits from any of the attorneys he challenges for ineffectiveness, or, in the alternative, an affidavit detailing his efforts to communicate with them. Cf. Commonwealth v. Smith, 29 Mass. App. Ct. 449, 455 (1990) ("Neither an affidavit nor testimony of trial counsel was offered to describe what information he had been given by the defendant and what efforts he had made to follow it up").

The motion judge had not been involved in prior litigation in the case.

The defendant's brief also asserts, without legal argument or citation to authority, that habeas corpus relief is available because there are no records or a trial transcript. We need not address this assertion. See Mass. R. A. P. 16 (a) (4). Nonetheless, we note that the factual assertion is contradicted by the record before us. Moreover, even assuming this assertion to be true, measures other than habeas corpus are available to address such situations. See Drayton v. Commonwealth, 450 Mass. 1028, 1029-1030 (2008).

The defendant has failed to include any of the evidence at issue in the record for our review, but has described it in conclusory fashion in his brief. We note that the main "new" evidence the defendant relies on appears to be in the form of affidavits of witnesses who are members of the defendant and victim's shared family and would presumptively have been discoverable at the time of trial.

We note that even a defendant's involuntary absence from trial may not necessitate a new trial when it occurs solely after the close of the evidence. See Commonwealth v. Baro, 73 Mass. App. Ct. 218, 222 (2008) (when evidence in trial closes, "so ha[s] the stage of proceedings at which [a defendant] could be most helpful to his counsel and his case").