SUPREME JUDICIAL COURT 
 
 McBRADY BETTS, petitioner.

 
 Docket:
 SJC-13691
 
 
 Dates:
 October 6, 2025.
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Habeas Corpus. Practice, Criminal, Postconviction relief.
 
 

       The petitioner, McBrady Betts, appeals from the judgment of a single justice of this court denying without a hearing his petition pursuant to G. L. c. 248, § 1, for a writ of habeas corpus.  We affirm.
      
      In 1996, a jury convicted Betts of, inter alia, two counts of rape and abuse of a child, for which he was sentenced to two concurrent terms of sixty to eighty years in State prison.  See Commonwealth v. Betts, 67 Mass. App. Ct. 1121 (2006) (unpublished memorandum and order).  Betts appealed from his convictions, arguing in relevant part that the trial judge failed to include in his jury instructions five specific phrases regarding eyewitness identifications from this court's opinion in Commonwealth v. Cuffie, 414 Mass. 632, 640-641 (1993) (Appendix), overruled in part by Commonwealth v. Santoli, 424 Mass. 837, 845-846 (1997), and that he was prejudiced by these omissions.  See Betts, supra.  The Appeals Court rejected Betts's arguments and affirmed the judgments against him.  See id.  Betts applied for further appellate review, and his application was denied.
      
      In 2007, Betts petitioned a single justice of this court pursuant to G. L. c. 211, § 3, challenging the Appeals Court's decision.  Betts raised the same arguments made in his direct appeal, and he asserted that in analyzing this issue, the Appeals Court had applied an incorrect standard of review.  The petition was denied, and Betts's appeal was dismissed for lack of prosecution.
      
      In 2022, Betts filed another petition pursuant to G. L. c. 211, § 3, arguing on these same grounds that the Appeals Court's decision against him amounted to judicial misconduct.  The petition was denied on the ground that Betts had an adequate alternative remedy.
      
      In 2024, Betts filed the petition at issue, asking a single justice of this court to issue a writ of habeas corpus pursuant to G. L. c. 248, § 1.  Once again, Betts argued that the trial judge improperly omitted the same five phrases from Cuffie, that he was prejudiced by these omissions, and that the Appeals Court applied an improper standard of review.  See Betts, 67 Mass. App. Ct. 1121.  The single justice denied the petition without a hearing, concluding that habeas corpus relief was unavailable because Betts raised the same issues as in his direct appeal.
      
      We discern no abuse of discretion or error of law in the single justice's denial of the petition.  See Doyle v. Commonwealth, 472 Mass. 1002, 1003 (2015).  A petition for a writ of habeas corpus "must be based on grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage" of the case (quotation and citation omitted).  Aldrich, petitioner, 468 Mass. 1013, 1014 (2014).  Indeed, it is a "long-standing rule" that habeas corpus "cannot be employed as a substitute for ordinary appellate procedure."  Sheriff of Suffolk County v. Pires, 438 Mass. 96, 99, 101 (2002), quoting Crowell v. Commonwealth, 352 Mass. 288, 289 (1967).  It would be inconsistent with this rule "[t]o permit the use of a writ of habeas corpus in circumstances where the nature of the challenge is an appeal from the underlying judgment."  Pires, supra at 101.  
      
      Betts's challenge went to the merits of the underlying judgment, as the error that he argued should afford him relief was an incorrect jury instruction.  In sum, his asserted error was a trial issue, and this issue was raised and decided in the ordinary course of Betts's appeal.  As a result, the single justice did not err or abuse her discretion in denying Betts's petition without a hearing.[1]

Judgment affirmed.

The case was submitted on briefs.
McBrady Betts, pro se.
Brynn M. Morse, Assistant District Attorney, for the Commonwealth.

footnotes

          [1] Betts's motion to file a nonconforming brief, filed on January 29, 2025, and his motion to file a nonconforming reply brief, filed on May 28, 2025, are hereby allowed.  Betts's motion asking the court not to require his presence in Massachusetts in connection with this petition, also filed on May 28, 2025, is hereby denied as moot.