SUPREME JUDICIAL COURT 
 
 CHRISTOPHER PIKE vs. MATTHEW DIVRIS & another[1]

 
 Docket:
 SJC-13811
 
 
 Dates:
 November 18, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts. Habeas Corpus.
 
 

       The petitioner, Christopher Pike, appeals
from the judgment of a single justice of this court denying without a hearing
his petition pursuant to G. L. c. 211, § 3, seeking
extraordinary relief.  We affirm.
      In October 2022, a jury convicted Pike of
two counts of indecent assault and battery on a child under fourteen, in
violation of G. L. c. 265, § 13B; one count of assault with
intent to rape a child, in violation of G. L. c. 265, § 24B; one
count of aggravated rape of a child, in violation of G. L. c. 265,
§ 23A; two counts of furnishing alcohol to a minor, in violation of
G. L. c. 138, § 34; and one count of accosting and annoying
another person, in violation of G. L. c. 272, § 53.[2]  See Commonwealth v. Pike, 104 Mass. App. Ct.
1102 (2024).  As a result of his
convictions, Pike was sentenced, inter alia, to from twelve to fourteen years
in State prison.  On direct appeal, the
Appeals Court affirmed the judgments against Pike.  See id.
      Pike subsequently petitioned the Superior
Court for a writ of habeas corpus, challenging the validity of the judgments
against him on the ground that the trial judge had erroneously dismissed a
juror during deliberations without holding a required hearing.  His petition was denied.  Pike reports that he was advised by the
Superior Court judge to seek the requested relief by way of Mass. R. Crim. P.
30, as appearing in 435 Mass. 1501 (2001). 
Instead, Pike brought a petition pursuant to G. L. c. 211,
§ 3, asking a single justice of this court for relief from the order of
the Superior Court denying habeas corpus relief.  Concluding that the petition did not present
exceptional circumstances sufficient to warrant extraordinary relief pursuant
to G. L. c. 211, § 3, the single justice denied the petition
without a hearing.
      Presently before this court is Pike's
appeal from the judgment of the single justice. 
Pike has filed a memorandum and appendix, purportedly pursuant to S.J.C.
Rule 2:21, as amended, 434 Mass. 1301 (2001). 
Rule 2:21 does not apply here, however, because Pike does not challenge
an interlocutory ruling of the trial court. 
See, e.g., Kyricopoulos v. Commonwealth, 484 Mass. 1008, 1008
(2020).  Regardless,[3] it is nonetheless
clear that he was not entitled to relief pursuant to G. L. c. 211,
§ 3.  See Ardaneh v. Commonwealth,
493 Mass. 1008, 1008 (2023).
      "In cases such as this one, where the
single justice exercises discretion not to reach the merits of a petition,
. . . the full court asks only whether the single justice abused his
or her discretion in making that decision" (quotation and citation
omitted).  Boone v. Commonwealth, 494
Mass. 1011, 1012-1013 (2024).  "The
single justice is not required to become involved if the petitioner has an
adequate alternative remedy or if the single justice determines, in his or her
discretion, that the subject of the petition is not sufficiently important and
extraordinary as to require general superintendence intervention."  Commonwealth v. Fontanez, 482 Mass. 22, 24-25
(2019).
      Pike was not entitled to relief pursuant
to G. L. c. 211, § 3, because adequate and effective relief was
available to him in the ordinary appellate process.  See Soriano v. Commonwealth, 496 Mass. 1027,
1027 (2025).  In Pike's case, he filed
his petition for a writ of habeas corpus in the Superior Court under a separate
civil docket number, and to the extent he asserted any error in the denial of
that petition, he could have appealed directly from that judgment.  See Doyle v. Commonwealth, 472 Mass. 1002,
1002 (2015).  Cf. Babcock, petitioner, 71
Mass. App. Ct. 687, 687 (2008).  As to
the substance of his claim regarding the juror's dismissal, Pike does not
establish why he could not properly have raised that issue in his direct appeal
from the judgments against him in his criminal case, or else by way of a motion
for a new trial pursuant to Mass. R. Crim. P. 30 (b).[4]  See Soriano, supra; Doyle, supra at 1003
("the errors claimed in the petition either were or could have been raised
in the petitioner's direct appeal, or in a motion for postconviction relief
under Mass. R. Crim. P. 30").
      Moreover, as the single justice concluded,
Pike's petition pursuant to G. L. c. 211, § 3, did not present a
sufficiently important and extraordinary subject because a cursory review of
his petition would have revealed that he was not entitled to a writ of habeas
corpus on the ground he asserted.  See
Fontanez, 482 Mass. at 24 ("a cursory look at the merits might help the
single justice decide whether the petition is suitable for review").  Habeas corpus is inappropriate "in
circumstances where the nature of the challenge is an appeal from the
underlying judgment, and where another avenue of relief exists."  Sheriff of Suffolk County v. Pires, 438 Mass.
96, 101 (2002).  Indeed, it is a
"long-standing rule" that habeas corpus "cannot be employed as a
substitute for ordinary appellate procedure" (citation omitted).  Id. at 99, 101.  Such a petition must instead "be based
on grounds distinct from the issues at the indictment, trial, conviction, or
sentencing stage" of the case (quotation and citation omitted).  Aldrich, petitioner, 468 Mass. 1013, 1014
(2014).
      Pike argues that because jury
deliberations occur after the close of evidence and argument but before a
verdict, issues arising at that stage are distinct from issues at the trial and
conviction stages.  We do not agree.  Cf. Betts, petitioner, 496 Mass. 1025, 1026
(2025) (holding alleged error in jury instructions was trial issue).  Rather, it is clear that Pike's challenge
goes to the merits of the underlying criminal judgments against him and, as
described supra, that he had adequate alternative means for pursuing those
challenges.  Consequently, habeas corpus
relief would have been inappropriate.[5] 
See Pires, 438 Mass. at 101.
      For the foregoing reasons, the single
justice did not err or abuse her discretion in denying Pike's petition without
a hearing.
Judgment
affirmed.
      The case was submitted on the papers
filed, accompanied by a memorandum of law.
      Christopher Pike, pro se.

footnotes

[1] Superior
Court in Plymouth County.

[2] Two of these
counts, one for indecent assault and battery on a child under fourteen and one
for assault with intent to rape a child, were subsequently dismissed.

[3] Even if rule
2:21 did apply here, it would require Pike to "set forth the reasons why
review of the trial court decision cannot adequately be obtained on appeal from
any final adverse judgment in the trial court or by other available
means."  S.J.C. Rule 2:21 (2).  For the reasons discussed infra, Pike's
memorandum failed to meet this requirement. 
See Snell v. Superintendent, Mass. Correctional Inst., Shirley, 484
Mass. 1053, 1053 (2020).

[4] We take no
position here on the merits of Pike's argument that the trial judge erred in
dismissing the juror without sufficient process.  While Pike contends that the loss of his
trial counsel's case file prevents him from raising this argument in a motion
pursuant to Mass. R. Crim. P. 30 (b), the records before the single
justice and before this court belie this representation, as they include
affidavits from Pike and excerpts from trial transcripts related to the juror's
dismissal.  See Mass. R. Crim. P.
30 (c) (3); Commonwealth v. Lopez, 426 Mass. 657, 660-661 (1998)
(noting that record "may be reconstructed" or motion may proceed
"on a basis extrinsic to the unavailable contemporaneous record"
[citation omitted]).  Moreover, the
juror's dismissal and an explanation therefor are reflected in an entry dated
October 28, 2022, on the electronic docket for Pike's criminal case, and the
electronic docket for his direct appeal reflects the filing of trial
transcripts with the Appeals Court.  See
Donald v. Commonwealth, 494 Mass. 1016, 1017 (2024), citing Mushwaalakbar v.
Commonwealth, 487 Mass. 627, 631-632 (2021) (court may take judicial notice of
docket entries).

[5] For these
same reasons, to the extent that Pike intended his petition pursuant to
G. L. c. 211, § 3, also to function as a direct request for
habeas corpus relief from the single justice, the single justice did not err or
abuse her discretion in denying the request. 
See Betts, petitioner, 496 Mass. at 1026.