REGINALD H. HOWE *vs.* COMMISSIONER OF REVENUE. December 10, 1987. *Taxation,* Income tax. *Constitutional Law,* Federal preemption.

The plaintiff brought a complaint for declaratory judgment in the Supreme Judicial Court for the county of Suffolk seeking a declaration principally that a long-term capital gain achieved by the plaintiff's sale in 1986 of thirty-five ounces of fine gold, purchased between 1982 and 1985, inclusive, is not income subject to tax by the Commonwealth. The Commissioner filed a motion to dismiss the complaint under Mass. R. Civ. P. 12 (b) (1) and (6), 365 Mass. 754 (1974). The plaintiff countered with a motion for summary judgment. The single justice, after hearing, declared the rights of the parties and a judgment for the Commissioner was entered.[1]

The two issues presented in this appeal are: (1) whether Congress has preempted the power to issue and coin money, and (2) whether, under art. 44 of the Amendments to the Massachusetts Constitution, the Commonwealth may tax a capital gain attributable to the purchase and sale of gold bars and coins. We affirm the judgment.

1. *Congressional preemption.* Article I, § 8, of the United States Constitution provides in part that "[t]he congress shall have power . . . to coin money [and] regulate the value thereof . . . ." Section 10 of art. I provides, in part, that "[n]o state shall . . . coin money; emit bills of credit . . . ." Pursuant to this constitutional authority, Congress enacted 31 U.S.C. § 5103 (1982), which says in part: "United States coins and currency (including

[1]We note in passing the plaintiff's earlier complaint for declaratory judgment, filed in the United States District Court for the District of Massachusetts, in which he challenged the authority of Congress to issue "money" in the form of Federal reserve notes. That court dismissed the complaint and the Court of Appeals for the First Circuit affirmed. *Howe* v. *United States,* 632 F. Supp. 700 (D. Mass.), aff'd, 802 F.2d 440 (1st Cir. 1986), cert. denied, 480 U.S. 1066 (1987).

Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes . . . ." The constitutional and statutory provision giving the Federal government the exclusive power to coin and issue money is designed to provide a uniform currency, carrying the same legal value throughout the States. *Norman* v. *Baltimore & O.R.R.*, 294 U.S. 240, 303 (1935). "The States cannot declare what shall be money, or regulate its value." *Id.*

Furthermore, the supremacy clause of the United States Constitution requires each State to honor art. I, §§ 8, 10. See *Chicago & N.W. Transp. Co.* v. *Kalo Brick & Tile Co.*, 450 U.S. 311, 317 (1981).

2. *Application of art. 44 to capital gains.* It is without dispute that the plaintiff purchased thirty-five ounces of fine gold between May, 1982, and January, 1985, for $12,380.65 and paid for the gold in Federal reserve notes. In September, 1986, the plaintiff sold the thirty-five ounces of gold for $14,717.85, paid in Federal reserve notes. Article 44 confers on the Legislature "[f]ull power and authority . . . to impose and levy a tax on income . . . ." Section 2 of G. L. c. 62 (1986 ed.), specifies that gross income, for purpose of taxation in Massachusetts, is gross income as understood under Federal tax law, with exceptions not here material. Under Federal tax law, long-term capital gains are gross income and taxable. See 26 U.S.C. (Internal Revenue Code) § 63(a) (1982).

Accordingly, the plaintiff's gain is taxable in Massachusetts (see G. L. c. 62, §§ 2, 4 [1986 ed.]), and is payable in Federal reserve notes which are the medium of the monetary system established by Congress. See *Spurgeon* v. *Franchise Tax Bd.*, 160 Cal. App. 3d 524, 528-529 (1984). The declaration of rights by the single justice was correct.

*Judgment affirmed.*

*Reginald H. Howe,* pro se.
*Domenic Finelli* for the Commissioner of Revenue.