JAMES HINES *vs.* SUPERIOR COURT. July 24, 1996. *Supreme Judicial Court*, Superintendence of inferior courts, Appeal from order of single justice.

The petitioner, who was convicted in 1982, filed a petition in the county court in 1995, pursuant to G. L. c. 211, § 3 (1994 ed.), seeking relief from his conviction. He appeals from the judgment of a single justice denying his petition without a hearing.

It is axiomatic that relief pursuant to G. L. c. 211, § 3, is not available where the alleged error or abuse can adequately and effectively be remedied through the normal appellate process or through some other available method of review. *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), and cases cited. *Fogarty* v. *Commonwealth*, 406 Mass. 103, 106-107 (1989). *DuPont* v. *Superior Court*, 401 Mass. 122 (1987). The errors alleged by the petitioner in this case — i.e., the selection of a male juror instead of a female to serve as the foreperson, and the trial judge's allegedly inferior treatment of females on the jury — could have been raised in the petitioner's direct appeal or in an appropriate postconviction motion. See Mass. R. Crim. P. 30, 378 Mass. 900 (1979). The single justice correctly denied the petition, without a hearing, in light of the availability of these other routes which could have been pursued. *Caggiano* v. *Commonwealth*, 406 Mass. 1004, 1005 (1990). *Simmons* v. *Commonwealth*, 403 Mass. 1004 (1988). Moreover, it appears that the petition is meritless and the claims unsupported by this record.

*Judgment affirmed.*

*James Hines*, pro se.

*Scott Harshbarger*, Attorney General, & *Elisabeth J. Medvedow*, Assistant Attorney General, for the defendant.