JOHN C. VOTTA, JR. *vs.* COMMONWEALTH. January 16, 2002. *Supreme Judicial Court,* Superintendence of inferior courts.

John C. Votta, Jr., was convicted of littering in 1996. He appealed from his conviction to the Appeals Court, which affirmed the judgment. *Commonwealth* v. *Votta,* 42 Mass. App. Ct. 1124 (1997). He filed an application for further appellate review with this court, which was denied. 425 Mass. 1106 (1997). More than two years later, he filed a petition in the county court pursuant to G. L. c. 211, § 3, seeking relief from his conviction. A single justice of this court denied the petition, without a hearing. Votta has appealed. We affirm the single justice's judgment.

"This court has emphasized repeatedly that relief under G. L. c. 211, § 3, is extraordinary." *Pandey* v. *Roulston,* 419 Mass. 1010, 1011 (1995). It applies only "in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy." *Id.,* quoting *Soja* v. *T.P. Sampson Co.,* 373 Mass. 630, 631 (1977). "Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied." *Foley* v. *Lowell Div. of the Dist. Court Dep't,* 398 Mass. 800, 802 (1986).

Here, Votta claims that review under G. L. c. 211, § 3, is warranted because he has discovered new evidence relevant to his conviction.[1] The proper means of raising such a claim, however, is a motion for a new trial pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979). Votta claims that such a motion would be futile, because the "newly discovered evidence is of the same texture as the evidence objected to by the prosecutor and sustained by the trial judge," and "it is very unlikely that the original trial judge will allow new cumulative evidence." Votta's fear that his motion will be unsuccessful does not establish that he has no other adequate remedy for purposes of G. L. c. 211, § 3. He remains free to file such a motion.

*Judgment affirmed.*

The case was submitted on briefs.

*John C. Votta, Jr.,* pro se.

*Valerie A. DePalma,* Assistant District Attorney, for the Commonwealth.

---

[1]Votta cited other issues in his petition. However, those issues either were raised or could have been raised on direct appeal. Therefore, as to those issues, the single justice correctly denied relief under G. L. c. 211, § 3. See, e.g., *Hines* v. *Superior Court,* 423 Mass. 1005, cert. denied, 519 U.S. 984 (1996) (affirming denial of relief under G. L. c. 211, § 3, where petitioner could have raised same issues on direct appeal).