*Wei H. Ye*, pro se, submitted a brief.

VICTOR J. HUNT *vs.* APPEALS COURT. April 1, 2004. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Record.

Victor J. Hunt filed a petition in the county court, pursuant to G. L. c. 211, § 3, seeking relief from orders issued by a single justice of the Appeals Court reducing, but not waiving entirely, the fees for docketing two appeals. A single justice of this court denied the petition without a hearing, and Hunt appealed. We affirm the judgment.

Relief under G. L. c. 211, § 3, is appropriate only "in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy." *Votta* v. *Commonwealth*, 435 Mass. 1013, 1013 (2002). It is the petitioner's "burden to create a record — not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders . . . or other parts of the lower court record necessary to substantiate [his] allegations" that relief is warranted. *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998). Hunt failed to carry his burden in at least two respects.

First, the record does not substantiate Hunt's allegations of a "substantial claim of violation of a substantive right." *Id.* Among other things, Hunt's contention that the Appeals Court single justice erred in setting the amount of the reduced docketing fees, rests on bare allegation. *Lu* v. *Boston Div. of the Hous. Court Dep't*, 432 Mass. 1005, 1005-1006 (2000) ("Because the petition in this case failed to provide the court with any information regarding the substance of the underlying . . . actions, or regarding his grounds for the

---

relief requested, the single justice correctly denied his petition"). Hunt accordingly "failed to demonstrate that the Appeals Court erred or abused its discretion by issuing any of the . . . orders."[1] *Hunt* v. *McKendry*, 434 Mass. 1025, 1026 (2001).

Second, Hunt failed to demonstrate the absence of adequate alternative remedies. After he filed a notice of appeal from the orders setting the reduced entry fees, the same Appeals Court single justice ordered that "no action will be taken on the within notice of appeal." Hunt neither sought reconsideration of that "no action" order, nor sought review of it by a panel of the Appeals Court.[2] See *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996) (petition properly denied where plaintiff could have appealed to Appeals Court panel from Appeals Court single justice's denial of motion to have appeal docketed late). See also *Kordis* v. *Appeals Court*, 434 Mass. 662, 664, 665 (2001) (petition granted where, after Appeals Court single justice struck petitioner's notice of appeal, petitioner filed a " 'second request for review' by a panel of other Justices," citing Mass. R. A. P. 15 (c), 365 Mass. 859 [1974], and Rule 2:02 of the Rules of the Appeals Court [1975], and second request purportedly was denied by single justice). Cf. *Underwood* v. *Appeals Court*, 427 Mass. 1012, 1013 (1998) (relief denied under G. L. c. 211, § 3; Appeals Court has authority to require payment of reduced fee).

The single justice did not err or abuse his discretion in denying extraordinary relief on the record presented.

*Judgment affirmed.*

*Victor J. Hunt*, pro se, submitted a brief.

---

[1]Hunt represented that a portion of the funds held in his institutional accounts was unavailable to him, pursuant to a policy of the institution in which he is incarcerated or the Department of Correction. The alleged policy is not part of the record before either this court or the single justice, nor did Hunt demonstrate that he was denied access to the so-called unavailable funds for payment of entry fees.

[2]The Appeals Court single justice's order provided: "As G. L. c. 261, § 27D, does not provide for a right of appeal from the denial by a single justice of a motion to waive the entry fee, no action will be taken on the within notice of appeal." The propriety of that conclusion is not before us.