KEVIN NORRIS *vs.* COMMONWEALTH. June 26, 2006. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

In 1992, a Superior Court jury convicted Kevin Norris of aggravated rape and several other·offenses. In 1996, the Appeals Court affirmed the convictions. *Commonwealth* v. *Norris*, 40 Mass. App. Ct. 1107 (1996). In 1999, the Appeals Court affirmed orders denying Norris's motions for a new trial and for reconsideration. *Commonwealth* v. *Norris*, 48 Mass. App. Ct. 1105 (1999). In 2004, the Appeals Court also affirmed the denials of Norris's second and third motions for a new trial. *Commonwealth* v. *Norris*, 61 Mass. App. Ct. 1102 (2004). We denied further appellate review with regard to each of the three Appeals Court decisions.

In 2005, Norris petitioned a single justice of this court for relief under G. L. c. 211, § 3, seeking to vacate his convictions or to have his sentence revised on grounds of an invalid indictment, ineffective assistance of counsel at sentencing, improper sentencing considerations by the trial judge, and duplicative convictions. The single justice denied his petition without a hearing.

Norris has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Rule 2:21 does not apply here, because Norris does not challenge any interlocutory ruling of the trial court. Nonetheless, it is readily apparent the single justice correctly denied relief pursuant to G. L. c. 211, § 3, because Norris cannot demonstrate the absence of an adequate alternative remedy. The claims raised in his petition were or could have been raised in the prior proceedings.[1] Relief pursuant to G. L. c. 211, § 3, is not available where the alleged error or abuse can be adequately and effectively remedied through the normal appellate process or through some other available method of review. *Hines* v. *Superior Court*, 423 Mass. 1005, cert. denied, 519 U.S. 984 (1996). "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional

---

[1]In addition to pursuing these claims in the normal course of trial, appeal, and appropriate postconviction motions, Norris could have raised any challenge to the severity of his sentences by appealing to the Appellate Division of the Superior Court. The transcript of the sentencing hearing indicates that the clerk specifically notified Norris of his right to appeal to the Appellate Division.

layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001 (2005).[2]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Kevin Norris*, pro se.

---

[2]The record before us is insufficient to determine whether Norris may still file a motion for a new trial claiming ineffective assistance by any of his prior counsel.