DANIEL D. TAVARES *vs.* COMMONWEALTH. August 10, 2006. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

The petitioner, Daniel D. Tavares, appeals from a judgment of a single justice of this court denying, without a hearing, his petition under G. L. c. 211, § 3. He has filed what appears to have been intended as a memorandum and appendix in accordance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). It is doubtful that rule 2:21 applies here, however, because the petitioner does not identify any interlocutory ruling of the trial court that he is challenging. Regardless, because it is clear from the record that the petitioner had an adequate alternative remedy, and that the single justice therefore correctly denied this request for extraordinary relief under G. L. c. 211, § 3, we affirm.

The petitioner's basic claim is that some of his convictions in 2002 (based on pleas of guilty) were duplicative of one another, and that his sentences were unlawful. This claim could have been raised in an appropriate postconviction motion in the trial court. The single justice correctly declined to exercise the court's extraordinary superintendence power in light of this adequate alternative remedy; it makes no difference whether the petitioner failed to pursue the alternative route or pursued it unsuccessfully.[1]

*Judgment affirmed.*

[1]The record reflects that the petitioner has in fact filed a variety of motions in the Superior Court seeking to undo his pleas on this same ground, and to be released from what he claims is unlawful restraint. Motions he filed in 2002 were denied; he appealed; and the Appeals Court affirmed those rulings. *Commonwealth* v. *Tavares*, 60 Mass. App. Ct. 1126 (2004). Other attempts to obtain relief in the Superior Court, in the Appeals Court, and in the single justice session of this court have likewise failed. Most recently, in 2005, he again filed motions in the Superior Court that were effectively denied and

The case was submitted on papers filed, accompanied by a memorandum of law.

*Daniel D. Tavares*, pro se.

---

from which it appears he did not appeal. See *Commonwealth* v. *Azar,* 435 Mass. 675, 676 & n.1 (2002), *S.C.,* 444 Mass. 72 (2005) (treating judge's statement expressly declining to act on postconviction motion as denial of motion).

