MICHAEL DEFEUDIS *vs.* NANCY DEFEUDIS & others.[1] August 13, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *District Attorney.*

Michael DeFeudis appeals from a judgment of a single justice of this court denying relief under G. L. c. 211, § 3. We affirm.

DeFeudis's petition arose from a divorce proceeding pending in the Probate and Family Court in which there is a dispute over custody of his children. DeFeudis asserted that the Probate and Family Court refused to hear and decide a motion he had filed as well as a complaint for contempt against the children's

---

[1]Donna DeFeudis Hollinger, Dan Dalton, Hillman & Neustadt, Paul Neustadt, James Polin, Ted Welch, and Sofia O'Brian.

mother;[2] that he was deprived of equal access to the courts; that a motion previously decided in the District Court was being reheard in the Probate and Family Court, assertedly in violation of his rights against double jeopardy; and that the mother, her attorneys, and others have committed various violations and conspired to deprive him of his children. He requested that the single justice vacate all orders that prevented him from being with his children, restore the children to his custody, and grant other relief, including the institution of criminal proceedings.

DeFeudis has filed in this court a "petition for relief" that appears to be a duplicate of the petition he filed in the county court. It is unclear whether he intended this to be his appellate brief or a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).[3] It is also unclear to what extent DeFeudis is challenging any interlocutory ruling of the Probate and Family Court. See S.J.C. Rule 2:21 (1). Regardless whether rule 2:21 applies, however, "[r]elief pursuant to G. L. c. 211, § 3, is not available where the alleged error or abuse can be adequately and effectively remedied through the normal appellate process or through some other available method of review. *Hines* v. *Superior Court*, 423 Mass. 1005, cert. denied, 519 U.S. 984 (1996). 'Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course.' *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001 (2005)." *Norris* v. *Commonwealth*, 447 Mass. 1007, 1007-1008 (2006). DeFeudis has offered no reason, either in his petition to the single justice or in his memorandum to this court, why he could not obtain adequate relief, if warranted, on appeal from a final judgment. See *Russell* v. *Nichols*, 434 Mass. 1015 (2001) (where petitioner was precluded from filing new complaint without leave of court, order denying such leave was final and could have been appealed to Appeals Court). Further, the decision to bring or not to bring criminal charges is to be made by the district attorney, not by this court. The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Michael DeFeudis,* pro se.

---

[2]The Probate and Family Court docket, which we obtained on our own initiative, indicates that DeFeudis may not file any pleadings therein without permission.

[3]If we were to treat this as an appeal pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), it would be untimely. S.J.C. Rule 2:21 (1) (notice of appeal must be filed within seven days).