ROBERT SILVA *vs.* HEATHER SILVA. January 10, 2014. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Divorce and Separation,* Visitation.

Robert Silva[1] appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm.

In connection with divorce proceedings, Robert filed a complaint for contempt against his wife, Heather Silva, alleging that she disobeyed an order of the Probate and Family Court concerning visitation with the parties' child. After a hearing, a judge in that court found that Heather was not guilty of contempt and entered judgment accordingly. Robert's G. L. c. 211, § 3, petition sought relief from that judgment.

Robert has filed, in the full court, a motion to reconsider, which appears intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule does not apply, as Robert is challenging a final judgment of contempt, not any "*interlocutory* ruling in the trial court" (emphasis added). S.J.C. Rule 2:21 (1). "Regardless whether rule 2:21 applies, however, '[r]elief pursuant to G. L. c. 211, § 3, is not available where the alleged error or abuse can be adequately and effectively remedied through the normal appellate process or through some other available method of review.' " *DeFeudis* v. *DeFeudis,* 449 Mass. 1030, 1031 (2007), quoting *Hines* v. *Superior Court,* 423 Mass. 1005, cert. denied, 519 U.S. 984 (1996). It is clear on the record before us that Robert had an adequate remedy in the ordinary appellate process, as he could have taken a direct appeal from the judgment on his complaint for contempt. See, e.g., *Freudis* v. *Hartwell,* 80 Mass. App. Ct. 496, 501 (2011) (appeal from judgment that former spouse not guilty of contempt); *Ainslie* v. *Ainslie,* 6 Mass. App. Ct. 692, 693 (1978) (immediate appeal, during pendency of divorce proceedings, from judgment of contempt). The fact that Robert claims that he is being prevented from visiting with his child does not mean that the Appeals Court could not resolve the matter fairly and expeditiously. Accordingly, he was not entitled to extraordinary relief.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Robert Silva,* pro se.

---

[1]Because the parties share the same last name, we refer to them by their first names.