NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11787

CHRISTOPHER S. DOYLE  vs.  COMMONWEALTH.


July 6, 2015.


Supreme Judicial Court, Superintendence of inferior
     courts.  Habeas Corpus.  Practice, Criminal, Sentence,
     Double jeopardy, Duplicative convictions, Assistance of
     counsel.


     Christopher S. Doyle (petitioner) appeals from a judgment of a single justice of this court summarily denying relief on his petition filed pursuant to G. L. c. 211, § 3.  We affirm.

     After a jury trial, the petitioner was convicted of breaking into a depository in the nighttime with intent to commit a felony, in violation of G. L. c. 266, § 16; possession of burglarious tools, in violation of G. L. c. 266, § 49; and malicious destruction of property, in violation of G. L. c. 266, § 127.  The Appeals Court affirmed the first two convictions and reversed the malicious destruction of property conviction. See Commonwealth v. Doyle, 83 Mass. App. Ct. 384, 393 (2013).  A Superior Court judge thereafter granted a motion to dismiss the petitioner's petition for a writ of habeas corpus.  There is no indication on the trial court docket that he appealed from that ruling.  Instead, the petitioner filed his G. L. c. 211, § 3, petition in the county court requesting that his convictions be vacated and that he immediately be released from confinement.[1] The petition alleged that the Superior Court judge erred in

_____

     [1] The petition for a writ of habeas corpus is not in the record.  The Superior Court judge's memorandum of decision suggests, however,  that the issues raised in that petition are similar to those presented in the G. L. c. 211, § 3, petition.

dismissing the writ without an evidentiary hearing; that the convictions violated his right against double jeopardy because the same underlying conduct formed the basis for revocation of his probation in an unrelated matter; that the convictions are duplicative and the sentences are unlawful; and that he received ineffective assistance of counsel at trial and on appeal.

The single justice neither erred nor abused his discretion in denying relief. To the extent the petition can be viewed as seeking relief under G. L. c. 211, § 3, the errors claimed in the petition either were or could have been raised in the petitioner's direct appeal, or in a motion for postconviction relief under Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001).[2,3] See Englehart v. Commissioner of Correction, 453 Mass. 1007, 1007 (2009); Hicks v. Commissioner of Correction, 425 Mass. 1014, 1014-1015 (1997). Where adequate remedies alternative to G. L. c. 211, § 3, are available, relief properly is denied. To the extent the petition can be viewed as seeking habeas corpus relief, it was correctly denied because it does not involve "grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage" (citation omitted). Glawson v. Commonwealth (No. 1), 445 Mass. 1019, 1020 (2005), cert. denied, 547 U.S. 1118 (2006). See Bates v. Commonwealth, 434 Mass. 1019, 1020 (2001) (ineffective assistance of counsel claims); Stewart, petitioner, 411 Mass. 566, 568-569 (1992) (sentencing structure issues); McCastle,

---

[2] Although the petition raises a double jeopardy claim, the petitioner already has been tried and convicted. Our general superintendence power therefore need not be exercised to protect the "constitutional right not to be tried." Ventresco v. Commonwealth, 409 Mass. 82, 85 (1991). See Clarke v. Commonwealth, 437 Mass. 1012, 1013 (2002). Contrast Krochta v. Commonwealth, 429 Mass. 711, 713-714 (1999) (prior to second trial, under G. L. c. 211, § 3, court concluded probation revocation hearing not basis for claim of multiple prosecutions or multiple punishments).

[3] At oral argument, the petitioner claimed that his petition raised arguments that his appellate attorney declined to include in his Appeals Court brief on direct appeal of his convictions. To the extent the petitioner claims appellate counsel failed to comply with the mechanisms of Commonwealth v. Moffett, 383 Mass. 201, 208-209 & n.3 (1981), or otherwise rendered ineffective assistance, the petitioner may raise such claims in a motion for postconviction relief in the trial court.

petitioner, 401 Mass. 1005 (1987); Commonwealth v. Deeran, 397 Mass. 136, 137-138 (1986) (postconviction double jeopardy claim).  Habeas corpus relief is not available for such claims.

Regardless whether the petition is viewed as a petition under G. L. c. 211, § 3, or as a petition for a writ of habeas corpus, neither mechanism may be employed as a substitute for the ordinary process of trial and appeal.  See Aldrich, petitioner, 468 Mass. 1013, 1014 (2014); Crowell v. Commonwealth, 352 Mass. 288, 289 (1967) (appellate procedure adequate to address constitutional issues).  The court's extraordinary power of general superintendence under c. 211, § 3, is "exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course."  Norris v. Commonwealth, 447 Mass. 1007, 1008 (2006), quoting Votta v. Police Dep't of Billerica, 444 Mass. 1001 (2005).

Judgment affirmed.


Christopher S. Doyle, pro se.
Matthew T. Seras, Assistant District Attorney, for the Commonwealth.