NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11941

ROBERT M. SOUZA  vs.  COMMONWEALTH.

December 11, 2015.

Supreme Judicial Court, Superintendence of inferior courts.

It appears from the sparse material before us, and from our review of the trial court docket, that the petitioner was convicted in the District Court in August, 2013, of four counts of violating an abuse prevention order.  He was sentenced in November, 2013.  His direct appeal was entered in the Appeals Court in September, 2014, and is currently pending there.  The petitioner is represented by counsel in that appeal.

In May, 2015, the petitioner, acting on his own, filed a pleading in the county court entitled "Petition to Remand Sentence for Resentencing."  He averred in a supporting affidavit, among other things, that his sentences were "unduly harsh" and "much [too] severe all facts considered."  He also averred that his conviction was the product of ineffective assistance of his trial counsel.  He asked that a single justice of this court "review and reconsider the sentence[s]."  His petition was treated by the single justice as a petition pursuant to G. L. c. 211, § 3, and denied without a hearing.  He now appeals from the judgment of the single justice.

The single justice neither erred nor abused her discretion in denying the petition.  A defendant in these circumstances can challenge the legality of his or her sentence, and the constitutional effectiveness of his or her counsel, through the normal course of postconviction motions and appeals.  Beyond that, a defendant is not entitled to the extraordinary

intervention of this court to vacate or change a sentence that is legal but that the defendant feels is too harsh.

<u>Judgment affirmed</u>.

The case was submitted on briefs.
<u>Robert M. Souza</u>, pro se.