NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11953

ABINEL ZENON vs. COMMONWEALTH.

February 4, 2016.

Supreme Judicial Court, Superintendence of inferior courts.


Abinel Zenon appeals from a judgment of a single justice of this court denying his petition for relief from a protective order issued by a judge in the District Court.  Zenon was charged with assault and battery and other offenses.  He sought certain third-party records in support of his claim that the alleged victim was in fact the first aggressor.  See Commonwealth v. Adjutant, 443 Mass. 649 (2005).  The judge issued the protective order concerning these records, apparently following the Dwyer protocol.  Commonwealth v. Dwyer, 448 Mass. 122, 139-147 (2006).  See id. at 147-150 (Appendix).  Zenon filed various motions in the District Court for relief from the protective order; these motions were only partially successful.  Zenon's petition followed.  Treating the petition as one filed pursuant to G. L. c. 211, § 3, the single justice denied relief without a hearing.  Zenon has since pleaded guilty to the charges.[1]  We affirm the judgment of the single justice.

Zenon has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner seeking relief from an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  Passing the question whether the rule applies here, where the criminal case was resolved after the single justice made her decision, it is clear that Zenon had an

_____

[1] One charge was dismissed.

adequate alternative remedy.  At the time of the single justice's decision, the charges were still pending.  Had Zenon been tried and convicted of any offense, he could have challenged the protective order on direct appeal.  See Rodriguez v. Commonwealth, 449 Mass. 1029, 1030 (2007) (discussing postconviction relief available under Dwyer protocol).  If Zenon believes that the records have any continuing significance now that the charges have been resolved, he could move in the District Court for termination or modification of the protective order and, if such a motion is denied, appeal in the ordinary course from that ruling.  Similarly, if he has a basis to do so, Zenon remains free to file a motion for a new trial pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), and to appeal from any adverse ruling thereon.  "The court's extraordinary power of general superintendence under c. 211, § 3, is 'exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course.'" Doyle v. Commonwealth, 472 Mass. 1002, 1003 (2015), quoting Norris v. Commonwealth, 447 Mass. 1007, 1008 (2006).

Judgment affirmed.


The case was submitted on the papers filed, accompanied by a memorandum of law.

Dana Goldblatt for the petitioner.