RESCRIPT
**1044 *1216 The petitioner, Daniel D. Tavares, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.
Tavares was convicted by a jury "of possessing counterfeit currency, uttering a counterfeit note, and larceny by false pretenses of property not exceeding $ 250 in value." Commonwealth v. Tavares, 87 Mass. App. Ct. 471, 471, 31 N.E.3d 1167 (2015). The Appeals Court affirmed his convictions, id. at 475, 31 N.E.3d 1167, and this court denied further appellate review, Commonwealth v. Tavares, 472 Mass. 1106, 36 N.E.3d 31 (2015). Years later, Tavares filed a petition in the county court, pursuant to G. L. c. 211, § 3, seeking relief from the convictions. He alleged that he received ineffective assistance of counsel at trial and on appeal, and that his convictions were wrongful in myriad aspects. The single justice denied the petition without a hearing.[1]
The single justice correctly denied relief under G. L. c. 211, § 3, because there are adequate alternative routes available to Tavares to seek and obtain review of his claims. See, e.g., Norris v. Commonwealth, 447 Mass. 1007, 1007, 849 N.E.2d 819 (2006) ; Maza v. Commonwealth, 423 Mass. 1006, 1006, 667 N.E.2d 1146 (1996). The errors raised in the petition either were or could have been raised in his direct appeal from his convictions in the Appeals Court. See Tavares, 87 Mass. App. Ct. at 471, 31 N.E.3d 1167. See Doyle v. Commonwealth, 472 Mass. 1002, 1003, 32 N.E.3d 1256 (2015). The fact that he did not receive relief does not render the ordinary appellate process inadequate for purposes of G. L. c. 211, § 3. See Saade v. Price, 480 Mass. 1024, 1024, 108 N.E.3d 469 (2018) ; Votta v. Commonwealth, 435 Mass. 1013, 1013, 760 N.E.2d 733 (2002). Tavares also may raise challenges to his convictions, including his claims concerning the constitutional effectiveness of counsel, jury instructions, and violation of his right against double jeopardy because the same evidence or conduct formed the basis for multiple convictions, by filing a motion for postconviction relief in the District Court, pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), and by appealing from any adverse ruling.[2] See Sabree v. Commonwealth, 479 Mass. 1006, 1007, 91 N.E.3d 1124 (2018) ; Souza v. Commonwealth, 473 Mass. 1016, 1016, 50 N.E.3d 157 (2015) ; Doyle, supra at 1002-1003, 32 N.E.3d 1256. See also **1045 Commonwealth v. Cowie, 404 Mass. 119, 533 N.E.2d 1329 (1989). "The fact that the petitioner 'failed to pursue the alternative route or pursued it unsuccessfully' does not create a right to relief under G. L. c. 211, § 3." *1217 Wilborn v. Commonwealth, 448 Mass. 1010, 1011, 861 N.E.2d 391 (2007), quoting Tavares v. Commonwealth, 447 Mass. 1011, 1011, 852 N.E.2d 65 (2006).
The "general superintendence power under G.L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001, 826 N.E.2d 199 (2005). The single justice neither erred nor abused his discretion in denying the petition.[3]
The single justice also denied Tavares's motion for appointment of counsel. Tavares alleges no abuse of discretion or other error by the single justice in denying the requested relief.
Tavares's claim that double jeopardy principles excuse him from pursuing the alternative remedy provided by Mass. R. Crim. P. 30 is unfounded. With exceptions not relevant here, a defendant who prevails on direct appeal or through allowance of a motion for a new trial is placed "under continuing jeopardy during the pendency of the prosecution, rather than ... at risk of double jeopardy." Commonwealth v. Resende, 476 Mass. 141, 146-147, 65 N.E.3d 1148 (2017). See Lydon v. Commonwealth, 381 Mass. 356, 366, 409 N.E.2d 745 (1980), quoting United States v. Scott, 437 U.S. 82, 91, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (requiring "a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction ... is not an act of government oppression of the sort against which the Double Jeopardy Clause was intended to protect"). Tavares's direct appeal having been concluded, a motion for postconviction relief under Mass. R. Crim. P. 30 provides an avenue to raise any further challenge to the conviction. See Doyle v. Commonwealth, 472 Mass. 1002, 1003, 32 N.E.3d 1256 (2015).
We decline to consider on appeal Tavares's requests for relief, including production of documents, information, or things, and transmission of records, that were not before the single justice.