NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13368

HAMID REZA ARDANEH  vs.  COMMONWEALTH.

August 8, 2023.

Supreme Judicial Court, Superintendence of inferior courts.

The petitioner, Hamid Reza Ardaneh, appeals from a judgment
of a single justice of this court denying his petitions pursuant
to G. L. c. 211, § 3, and associated motions (collectively,
petitions).  We affirm.[1]

In August 2016, Ardaneh was indicted on several counts of
rape, in violation of G. L. c. 265, § 22; strangulation or
suffocation, in violation of G. L. c. 265, § 15D (b); and other
charges.  See Ardaneh v. Commonwealth, 486 Mass. 1005, 1005
(2020) (Ardaneh [No. 1]).  In 2017, he "was committed for
observation to Bridgewater State Hospital for a determination
whether he is competent to stand trial pursuant to G. L. c. 123,
§ 15 (a).  He was subsequently found incompetent to stand trial
and was committed to the hospital pursuant to G. L. c. 123,
§ 16."  Id.  In August 2022, Ardaneh was determined to be
competent to stand trial, and the proceedings in the Superior
Court are ongoing.

_____

[1] "Where, as here, the single justice exercises discretion
not to reach the merits of a petition, the appeal to the full
court 'is strictly limited to a review of that ruling.'"
Commonwealth v. Rodriguez, 484 Mass. 1047, 1049 (2020), quoting
Commonwealth v. Samuels, 456 Mass. 1025, 1027 n.1 (2010).  We
decline to consider "issues, arguments and requests for relief
that were not before the single justice."  Milton v. Boston, 427
Mass. 1016, 1017 (1998) (declining to address additional
"issues, arguments, and requests for relief that were not before
the single justice").

In his petitions, Ardaneh claims very generally and among other things that he has been falsely accused of the criminal conduct for which he was indicted; that he has exculpatory evidence to prove his innocence; that the evidence does not support the indictments; that his constitutional rights, including the right to effective assistance of counsel, have been violated; and that he has been improperly detained.  On appeal, he essentially asks the court to intervene in the trial court proceedings to correct the claimed errors and violations, and for relief including a declaration that he is not guilty of the charged criminal conduct, dismissal of the criminal indictments, and orders expunging his criminal and mental health records, requiring the return of certain documents, and damages.[2]

The single justice neither erred nor abused his discretion in declining to reach the merits of the petitions and denying relief.  See Commonwealth v. Fontanez, 482 Mass. 22, 25 (2019).  The court's "general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course.  Fennick v. Kittredge, 460 Mass. 1012 (2011), quoting Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005)."  Bishay v. Land Court Dep't of the Trial Court, 477 Mass. 1032, 1033 (2017).  Predicate to its exercise, a party seeking extraordinary relief must demonstrate both "'error that cannot be remedied under the ordinary review process' and a 'substantial claim of violation of [his] substantive rights.'  Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990), quoting Dunbrack v. Commonwealth, 398 Mass. 502, 504 (1986)."  Care & Protection of Zita, 455 Mass. 272, 277-278 (2009).  Where interlocutory rulings in the trial court are challenged and S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), applies, that rule similarly requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).

---

[2] This is the third time that Ardaneh has sought extraordinary relief in this court pursuant to G. L. c. 211, § 3, arising out of the same criminal proceedings against him in the Superior Court.  This court affirmed the judgments denying the two prior petitions.  See Ardaneh v. Commonwealth, 487 Mass. 1030, 1031 (2021); Ardaneh v. Commonwealth, 486 Mass. 1005, 1006 (2020).

Regardless of whether the "[b]rief and [e]xculpatory [i]nformation" and "[a]ppendix of the [e]xhibits of the [e]xculpatory [m]aterial [e]vidence[]" that Ardaneh has filed in the full court were intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, or an appellate brief pursuant to Mass. R. A. P. 16, as appearing in 481 Mass. 1628 (2019), Ardaneh failed to demonstrate that review of his claims cannot adequately be obtained in the trial court or on appeal from any conviction. To the extent he claims that the evidence before the grand jury did not establish probable cause, or that the grand jury proceedings otherwise were flawed, "the evidence before the grand jury may be reviewed in the ordinary course of appeal" following a conviction on any of the indictments. Bateman v. Commonwealth, 449 Mass. 1024, 1025 (2007). To the extent he seeks review of the denial of his motion to dismiss the indictments, see Ardaneh (No. 1), 486 Mass. at 1006 n.4, "[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002), and cases cited. Likewise, Ardaneh's claims that he has received ineffective assistance of counsel, or that other of his constitutional rights have been violated, may be raised on appeal or in a motion for postconviction relief under Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001). See Doyle v. Commonwealth, 472 Mass. 1002, 1003 (2015).

Where Ardaneh failed to demonstrate that his claims cannot adequately be reviewed on appeal from any conviction or by other means in the trial court, there was no error in the single justice's judgment denying the petitions. See Sabree v. Commonwealth, 432 Mass. 1003, 1003 (2000) ("relief under G. L. c. 211, §3, is properly denied where there are other routes by which the petitioning party may adequately seek relief"). See also Ardaneh v. Commonwealth, 487 Mass. at 1030 (Ardaneh [No. 2]), quoting Ardaneh (No. 1), 486 Mass. at 1006 ("to the extent that Ardaneh seeks relief 'from what he perceive[s] to be general injustices done to or imposed on him' in the trial court, '[h]is claims [do] not present a situation warranting extraordinary superintendence relief directly from this court'").

As noted supra, this is the third time that Ardaneh has sought some form of extraordinary relief from this court arising from the same underlying criminal proceedings.  See Ardaneh (No. 2), 487 Mass. at 1030; Ardaneh (No. 1), 486 Mass. at 1006.  Each time, we have concluded that he is not entitled to extraordinary relief to correct errors that may be reviewed in the ordinary process of trial and appeal.  Ardaneh is on notice that further attempts to obtain such relief in similar circumstances may result in the imposition of sanctions.

Judgment affirmed.

The case was submitted on briefs.
Hamid Reza Ardaneh, pro se.
Ryan Rall, Assistant District Attorney, for the Commonwealth.