NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13511


JAMES BOONE  vs.  COMMONWEALTH.


May 13, 2024.


Supreme Judicial Court, Superintendence of inferior courts.
     Indigent.  Parole.  Imprisonment, Parole.



     The petitioner, James Boone, appeals from a judgment of a
single justice of this court denying his petition pursuant to
G. L. c. 211, § 3.  We affirm.

     In 1980, Boone pleaded guilty to four counts of murder in
the second degree, for which he was sentenced to four concurrent
life sentences with the possibility of parole.[1]  In April 2022,
he appeared pro se before the Massachusetts Parole Board (board)
for a review hearing.[2]  The board denied parole with a review to
be scheduled one year after the hearing, i.e., in April 2023.
In its written decision, the board stated, among other things,
that Boone "ha[d] not demonstrated a level of rehabilitative
progress that would make his release compatible with the welfare
of society."  The board also noted that Boone "appeared very
overwhelmed by the parole hearing process"; that the board
"would like to review a current mental health evaluation and
[Boone's] mental health records"; and that it would like Boone
to be represented by an advocate at his next hearing.  To that

_____

     [1] He also pleaded guilty to arson, for which he was
sentenced to from fifteen to twenty years to run concurrently
with the sentences for murder in the second degree.

     [2] Prior to the most recent review hearing in 2022, Boone had
five previous parole hearings, between 1995 and 2018.  The board
denied parole after each of the prior hearings.

end, on the same date that the board issued its decision, it also issued a referral to provide counsel to the Committee for Public Counsel Services (CPCS), which subsequently assigned counsel.

Boone, now represented by counsel, filed, in the Superior Court, a motion for funds pursuant to G. L. c. 261, §§ 27A-27G, the indigent court costs law, for purposes of having an expert conduct the mental health evaluation requested by the board.  A judge denied the motion, on May 11, 2023, on the basis that the court did not have the authority to grant expert funds in the circumstances, noting that the indigent court costs law only authorizes the payment of public funds to cover costs and fees of indigent defendants in "court proceedings," not in proceedings before executive agencies like the board.  The judge also denied Boone's subsequent motion for reconsideration, on June 28, 2023.

Boone then appealed to a single justice of the Appeals Court, pursuant to G. L. c. 261, § 27D.  His notice of appeal was filed on July 10, 2023, and his appeal was entered in the Appeals Court on July 17, 2023.  The following day, a single justice stayed the appellate proceedings to await a decision in another then-pending case in the Appeals Court -- Commonwealth vs. Hastings, A.C. No. 2023-P-0105 -- that involved a similar issue.[3]  The single justice's order also provided that Boone was free to move to vacate the stay if he did not want to await a decision in the Hastings case.  Boone subsequently filed a motion to lift the stay, and on November 3, 2023, a different single justice allowed the motion and considered Boone's appeal. On the basis that Boone had not timely appealed from the trial judge's initial May 11, 2023, order, the single justice concluded that the appeal was not properly before the court and dismissed it for want of jurisdiction.[4]

_____

[3] In Hastings, a judge denied an indigent and mentally disabled defendant's postconviction motion for funds to pay for a social services advocate to assist at a parole hearing on the basis that the court lacked authority to order such funds pursuant to G. L. c. 261, §§ 27B-27C.  See Commonwealth v. Hastings, 494 Mass.    (2024).  The judge then reported the correctness of his ruling to the Appeals Court, and this court subsequently allowed the defendant's application for direct appellate review.  See id.

[4] The single justice also noted that even if she were to

Meanwhile, while Boone's appeal was pending in the Appeals Court, two other relevant events occurred:  this court granted an application for direct appellate review in the Hastings case in September 2023, and Boone filed his G. L. c. 211, § 3, petition in the county court, on October 17, 2023.  In the petition, he stated that his appeal from the trial court's denial of his motion for funds had been "languishing" in the Appeals Court, and he asked this court either to order the trial court to authorize funds for the mental health evaluation or to reserve and report the case to the full court to be joined with the Hastings case.  The single justice denied the petition on November 7, 2023 (i.e., after the Appeals Court single justice had dismissed Boone's appeal in the Appeals Court).

In his appeal from the single justice's judgment, Boone focuses entirely on the merits of his petition, notwithstanding the fact that the single justice did not reach the merits. Nowhere does Boone address why relief pursuant to G. L. c. 211, § 3, is appropriate, i.e., he raises no argument in his appeal that he has no adequate alternative remedy or that his case "presents the type of exceptional matter that requires the court's extraordinary intervention."  Commonwealth v. Fontanez, 482 Mass. 22, 25 (2019).  In cases such as this one, where the single justice "exercises discretion not to reach the merits of a petition, the appeal to the full court 'is strictly limited to a review of that ruling,' Commonwealth v. Samuels, 456 Mass. 1025, 1027 n.1 (2010), and the full court asks only whether the single justice abused his or her discretion in making that decision."  Commonwealth v. Rodriguez, 484 Mass. 1047, 1049 (2020).

It is clear that Boone had an adequate alternative remedy, one that, in fact, he has already pursued:  an appeal pursuant to G. L. c. 261, § 27D, to a single justice of the Appeals Court.  That he did not receive the relief in that court that he desired, and that he did not receive it as quickly as he would have liked, does not render the relief inadequate or entitle him to relief pursuant to G. L. c. 211, § 3.  See, e.g., Tavares v. Commonwealth, 481 Mass. 1044, 1044 (2019), and cases cited. "Relief under G. L. c. 211, § 3, is properly denied where there are adequate and effective routes other than c. 211, § 3, by which the petitioning party may seek relief."  Greco v. Plymouth

_____

consider the merits of Boone's appeal, she discerned no error in the trial court judge's conclusion that he lacked the authority to award Boone the requested fees.

Sav. Bank, 423 Mass. 1019, 1019 (1996).  That the Hastings case involves a similar issue to the one presented in Boone's case does not alter this or obviate the fact that Boone had an adequate alternative remedy.[5]

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on briefs.
Melissa Allen Celli for the petitioner.

---

[5] The Hastings case, which we also decide today, was before the court on direct appellate review, and does not suffer from the same procedural improprieties as Boone's case.  See note 3, supra.  In the decision, we "construe[d] the indigency statute[, G. L. c. 261, §§ 27A-27G,] to authorize a Superior Court judge, on motion by a parole-eligible, disabled prisoner, to allow for the payment of funds for expert services that are reasonably necessary to safeguard the prisoner's constitutional right to a parole hearing free of discrimination on the basis of disability."  Commonwealth v. Hastings, 494 Mass.   , (2024).   This determination will apply to Boone going forward (i.e., he would be eligible for expert funds in connection with a parole hearing if he meets the necessary requirements).  To that end, Boone's "Motion for Funds for Expert in Anticipation of a Parole Hearing," filed in this court, is denied.  He is free to refile the motion, or any similar motion seeking such funds, in the trial court.