NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13859

LINCOLN G. LATHAM, JR.  vs.  POAH COMMUNITIES, LLC, & another.[1]


March 2, 2026.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, Lincoln G. Latham, Jr., appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3.  We affirm.

In January 2025, the respondents, POAH Communities, LLC, and Bridle Path Preservation Associates, LP (collectively, POAH), commenced an action against Latham in the Metro South Division of the Housing Court Department seeking to enjoin Latham from continuing to reside in an apartment that POAH rents to Latham's father in Randolph.  Latham's father's tenancy is a Section 8 subsidized tenancy that requires residents to be at least sixty-two years old or disabled.[2]  POAH had denied Latham's application to reside with his father, after Latham was released from prison in July 2024, because Latham has a criminal record and does not meet the subsidized housing program's age or disability requirements.  Nevertheless, Latham apparently moved in, prompting POAH to commence its action for an injunction against Latham.  On February 19, 2025, a judge in the Housing Court allowed POAH's motion for a preliminary injunction and

---

[1] Bridle Path Preservation Associates, LP.

[2] In the respondents' Housing Court complaint against the petitioner, they stated that the petitioner's father's apartment is "subsidized under a project-based Section 8 subsidy" and is in a development "restricted to persons over [sixty-two] years of age or with a disability."

ordered Latham to "cease and desist from continuing to reside" in his father's apartment.

Latham filed a notice of appeal, and his appeal was entered in the Appeals Court on February 26, 2025.  The Appeals Court ultimately dismissed the appeal, on August 26, 2025, for failure to prosecute after Latham failed to timely file a brief.[3]  On the same date that the Appeals Court dismissed Latham's appeal, he filed a G. L. c. 211, § 3, petition.  In the petition, Latham appears to be seeking relief from and related to both the injunction issued in the Housing Court and the dismissal of his appeal in the Appeals Court.  The single justice denied the petition.[4]

To the extent that Latham seeks review of and relief from the preliminary injunction, an interlocutory ruling of the trial court, the case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  Although Latham appears to be requesting a variety of relief, including, for example, monetary relief from POAH, much of the relief sought appears to relate to or stem from the preliminary injunction.  Latham has not made, and cannot make, a showing, as required by rule 2:21, that he has no adequate alternative remedy.  He does have one, which he has already pursued: seeking relief from the preliminary injunction in the Appeals Court.  That his appeal was dismissed in that court for failure to prosecute does not render that relief inadequate and does not entitle him to review in this court pursuant to G. L. c. 211, § 3.  See, e.g., Tavares v. Commonwealth, 481 Mass. 1044, 1044-1045 (2019), and cases cited.

_____

[3] Between the date that the appeal was entered in the Appeals Court, in February 2025, and the date the appeal was dismissed for failure to prosecute, in August 2025, Latham filed numerous motions and papers in the Appeals Court, and although he was granted enlargements of time to file his brief, he failed to file a conforming brief.

[4] The single justice also denied numerous other motions that Latham filed in the county court, ranging from discovery requests to a request for a stay of execution of the Appeals Court's dismissal of his appeal.

Additionally, to the extent Latham seeks relief from the Appeals Court's dismissal of his appeal, his remedy lies not with G. L. c. 211, § 3, but rather through an application for further appellate review, pursuant to Mass. R. A. P. 27.1, as appearing in 481 Mass. 1657 (2019).  The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.[5,6]

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Lincoln G. Latham, Jr., pro se.

---

[5] To the extent that Latham seeks relief from the single justice's order instructing the clerk for Suffolk County not to accept any additional postjudgment pleadings in the matter, it was well within the single justice's discretion to issue such an order in light of Latham's numerous postjudgment pleadings, all of which the single justice denied.

[6] Latham's "Motion to Stay Appellate Proceedings" and his "Motion to Evaluate Errors and Irregularities in Appellee's Deposition" are denied.