NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13694

MOHAN A. HARIHAR  vs.  COMMONWEALTH & others.[1]


March 5, 2026.


Supreme Judicial Court, Superintendence of inferior courts.



The petitioner, Mohan A. Harihar, appeals from a judgment
of a single justice of the county court denying his petition
pursuant to G. L. c. 211, § 3.  We affirm.

Harihar's house, located in Lowell, was sold at a
foreclosure auction in September 2010.  In May 2011, respondent
U.S. Bank National Association commenced a summary process
action against Harihar and was ultimately awarded possession of
the property.  Harihar has been engaged in extensive litigation
to contest the foreclosure and eviction in both the
Massachusetts State courts and the Federal courts ever since.[2]

In his most recent effort, his G. L. c. 211, § 3, petition,
he sought relief from multiple lower court orders and judgments

---

[1] Wells Fargo Bank, N.A.; U.S. Bank National Association, as
indenture trustee for CMLTI 2006 AR-1; Citigroup Global Markets
Realty Corp.; Jeffrey Perkins; and Isabelle Perkins.

[2] The extensive nature of the litigation involved not only
Harihar commencing actions in various courts but also his filing
numerous motions and papers in those different actions,
including this one.  In the Superior Court, the nature of
Harihar's filings led that court to issue an order enjoining
Harihar from filing any pleadings or commencing any new action
involving the respondents without leave to do so by the regional
administrative justice.

-- as set forth in the petition, "all orders/judgments issued by inferior judicial officers identified in [his] lower court complaints" -- which he argues are void, and he asked the single justice "to address a history of egregious judicial abuses and color of law violations" that he alleges occurred in the Land Court, the Superior Court, and the Housing Court. He alleges that his rights have been violated in a myriad of ways, ranging from the failure to appoint counsel to claims of tampering and mail fraud. The relief that Harihar sought in the petition was also myriad and included a request for appointment of counsel; a request to void or vacate lower court orders and judgments; a request for mediation with the defendants to resolve existing legal issues; and a request for attorney sanctions. The single justice denied the petition without a hearing.

In his appeal, Harihar continues to press the same general arguments regarding various failures in and of the lower courts. He also continues to press arguments regarding the appointment of counsel, a request that the court has already denied more than once.[3] What he has not done, however, is demonstrate that his claims are not otherwise reviewable, i.e., that he has no adequate remedy, or that his case "presents the type of exceptional matter that requires the court's extraordinary intervention." Commonwealth v. Fontanez, 482 Mass. 22, 25 (2019). It is clear that, as to most, if not all, of Harihar's claims, he did have an adequate alternative remedy: to raise the issues in a direct appeal from the adverse judgements in the trial court.

Indeed, Harihar did raise some of these issues in his earlier appeals. See U.S. Bank Nat'l Ass'n v. Harihar, 84 Mass. App. Ct. 1118 (2013). See also Harihar v. U.S. Bank, N.A., 86 Mass. App. Ct. 1123 (2014); Harihar v. U.S. Bank, N.A., 85 Mass. App. Ct. 1106 (2014). At least two other more recent appeals were also entered in the Appeals Court but were dismissed, either for failure to prosecute or because the appeal was untimely. That Harihar did not receive the relief in that court that he desired, or that the appeals were dismissed, does not render the relief inadequate or entitle him to relief pursuant to G. L. c. 211, § 3. See, e.g., Tavares v. Commonwealth, 481 Mass. 1044, 1044 (2019), and cases cited. "Relief under

_____

[3] The petitioner is not entitled to counsel. To the extent that he looks to S.J.C. Rule 3:10, as appearing in 475 Mass. 1301 (2016), to support his argument regarding the appointment of counsel, that rule applies in circumstances where a party has a right to counsel; this is not such a case.

G. L. c. 211, § 3, is properly denied where there are adequate and effective routes other than c. 211, § 3, by which the petitioning party may seek relief." Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996).

To the extent that Harihar suggests broad, overarching violations of his rights, those claims are rooted in the underlying foreclosure and eviction proceedings; that is, they are issues that were or could have been raised in a direct appeal. Harihar has not shown, in short, that this case presents the type of circumstance that warrants this court's extraordinary intervention. The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.[4]

Judgment affirmed.

The case was submitted on briefs.
Mohan A. Harihar, pro se.
John Dupuis, Assistant Attorney General, for the Commonwealth.
Jeffrey B. Loeb for Jeffrey Perkins & another.
Sean R. Higgins for Wells Fargo Bank, N.A., & another.

---

[4] Since his appeal from the single justice's denial of his G. L. c. 211, § 3, petition was entered in the full court, Harihar has filed numerous motions and papers. The court has already addressed some of those filings, including Harihar's repeated requests for appointment of counsel, which the court denied. Other filings were referred, as is customary, to the quorum deciding this appeal. In light of our decision affirming the judgment of the single justice, any outstanding or open motions are hereby denied.