DANIEL D. TAVARES *vs.* COMMONWEALTH. March 4, 2008. *Supreme Judicial Court,* Superintendence of inferior courts.

Daniel D. Tavares appeals from the denial, without a hearing, of his petition for relief in the county court pursuant to G. L. c. 211, § 3, in which he claimed that his convictions, based on his guilty pleas, were duplicative.[1] For the reasons stated in *Tavares* v. *Commonwealth,* 447 Mass. 1011 (2006), the single justice properly denied relief.

*Judgment affirmed.*

The case was submitted on briefs.

*Daniel D. Tavares,* pro se.

*Julia K. Holler,* Assistant District Attorney, for the Commonwealth.

MOSHE ROTHMAN *vs.* JON TRISTER. March 21, 2008. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

The petitioner, Moshe Rothman, appeals from the judgment of a single justice of this court denying relief pursuant to G. L. c. 211, § 3. We affirm.

The single justice of this court correctly determined that this was not an appropriate occasion to exercise the court's extraordinary power of general superintendence. The petitioner's failure to perfect his appeals in the Appeals Court was of his own doing. Although he was acting pro se, he nevertheless was bound to comply with the governing court rules. See *Mmoe* v. *Commonwealth,* 393 Mass. 617, 620 (1985); *International Fid. Ins. Co.* v. *Wilson,* 387 Mass. 841, 847 (1983). Moreover, there was no demonstration in the petitioner's submissions before the single justice of this court, or in his submissions before the full court, that the single justices of the Appeals Court had erred or abused their discretion. See *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 (1975) (discussing moving party's burden in seeking permission to docket appeal late).

*Judgment affirmed.*

*Moshe Rothman,* pro se.

*Brooks L. Glahn,* for the defendant, submitted a brief.

---

[1]Tavares's petition also sought rulings (either from the single justice or from the full court) on questions of law relating to his sentences. In his brief on appeal, however, Tavares presents no argument concerning those questions. Tavares has also presented an additional question, concerning his larceny convictions, in a separate petition to this court. That question was not before the single justice and is not properly before us. Furthermore, each of Tavares's questions could have been raised in an appropriate postconviction motion.

[1]The real party in interest, Sherry Walker, was not named as a respondent in this case, as she should have been. S.J.C. Rule 2:22, 422 Mass. 1302 (1996).