The defendant, J.M., appeals from a series of Probate and Family Court judgments and orders entered subsequent to a judgment of divorce nisi. Specifically, she noticed appeals from (1) a contempt judgment entered on March 6, 2017 (the March 6 judgment); (2) eleven orders on various motions, all entered on March 22, 2017 (the March 22 orders); and (3) a contempt judgment dated April 3, 2017 (the April 3 judgment).[2] Discerning no error on the record before us, we affirm.
Initially, we need not address the underlying merits of the April 3 judgment. Although the defendant mentioned this judgment in the facts section of her brief, she failed to address it as part of her argument and, therefore, we consider it no further. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) ("The appellate court need not pass upon questions or issues not argued in the brief"). See Abate v. Fremont Inv. & Loan, 470 Mass. 821, 833 (2015) ("[F]ailure to address this issue on appeal waives [an appellant's] right to appellate review of the judge's ruling on the merits"); Hutchinson v. Hutchinson, 6 Mass. App. Ct. 705, 711 (1978) ("[P]assing reference to the issue" is not argument).
To the extent the defendant argues that the probate judge erred with regard to the March 6 judgment and the March 22 orders, she has failed to provide us with an adequate record to support her claims. It is an appellant's burden to provide this court with a sufficient appellate record. See Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997). See also Rothman v. Trister, 450 Mass. 1034, 1034 (2008) (pro se litigants are "bound to comply with the governing court rules"). Here, the defendant has failed to produce, among other things, any hearing or trial transcripts or statements of evidence presented. Accordingly, we are unable to conduct a meaningful review of her claims.[3] See Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992).
Nonetheless, we have undertaken such independent review as the record before us permits. No error appearing, we affirm.[4]
March 6, 2017, judgment affirmed.
Orders entered March 22, 2017, affirmed.
April 3, 2017, judgment affirmed.

The defendant's March 24, 2017, notice of appeal, which we read as designating appeals from the March 6 judgment and the March 22 orders, was appended to her brief. Given that this notice was neither entered on the trial court docket, nor identified in the assembly of the record, it is unclear whether the judgment and orders to which it refers are properly before us. However, no party has raised an objection to the propriety of this appeal and, therefore, we consider the defendant's arguments as to those matters. See Sniffin v. Prudential Ins. Co. of America, 395 Mass. 415, 420 n.10 (1985).

Moreover, even if we had a sufficient record, the defendant's claims-consisting of generalized factual assertions unsupported by the record, and legal conclusions unsupported by adequate legal authority-do not rise to the level of appellate argument. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See also K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014).

We deny the defendant's request for appellate attorney's fees.