# United States Court of Appeals
## For the First Circuit

No. 24-1971

DAVID KEANE,

Plaintiff, Appellant,

v.

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.;
EXPEDITORS HONG KONG LIMITED,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Montecalvo, Lynch, and Kayatta,
Circuit Judges.

Jeremia A. Pollard, with whom Hannon Lerner was on brief, for appellant.

Asha A. Santos, with whom Matthew J. Lynch and Littler Mendelson, P.C. were on brief, for appellees.

May 27, 2025

**LYNCH**, **Circuit Judge**.  David Keane's employment with Expeditors Hong Kong Limited ("Expeditors HK") was terminated on December 11, 2023.  In response, he sued not only Expeditors HK, but also Expeditors International of Washington, Inc. ("Expeditors US"), in the District of Massachusetts.  Expeditors HK is a wholly owned subsidiary of Expeditors US.  Keane's suit brought federal and state law claims, all arising out of, or connected to, the termination of his employment in Hong Kong.  Defendants moved to dismiss all of Keane's claims against both defendants for lack of personal jurisdiction and under the doctrine of forum non conveniens, and the federal law claim against both defendants also for improper venue.  Defendants argued that the district court "should reject [Keane's] transparent attempt to bootstrap jurisdiction over Expeditors HK based upon unfounded, conclusory assertions that Expeditors HK is an alter ego of Expeditors US." Both sides filed supporting affidavits.

The district court granted defendants' motion, dismissing the claims against Expeditors HK and the non-contract claims against Expeditors US for lack of personal jurisdiction and the contract claims against Expeditors US under the doctrine of forum non conveniens.  The court rejected Keane's argument that "Expeditors HK is subject to personal jurisdiction as Expeditors US's alter ego" because, "[b]esides pointing to the overlapping leadership of the companies, Keane [had] offer[ed] no evidence to

- 2 -

refute the fact that Expeditors US and Expeditors HK observe corporate formalities as distinct entities."

Keane appeals and we affirm the dismissals, albeit on somewhat different reasoning than that used by the district court. We hold that the Massachusetts federal district court lacked personal jurisdiction over Expeditors HK. As to Keane's claims against Expeditors US, dismissal was proper because, as Keane's counsel, quite properly, essentially conceded, Keane cannot prevail on any of these claims without proving he was wrongfully terminated by Expeditors HK, and Keane has failed to allege sufficient facts or legal theories to impute the actions of Expeditors HK to Expeditors US.

## I.

Under the prima facie approach used by the district court, "[w]e draw the relevant facts from 'the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts.'" Ward v. AlphaCore Pharma LLC, 89 F.4th 203, 209 (1st Cir. 2023) (quoting Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016)). It is the plaintiff's burden to proffer facts "that, if credited, would support all findings 'essential to personal jurisdiction.'" Id. (quoting Chen v. U.S. Sports Acad., Inc., 956 F.3d 45, 51 (1st Cir. 2020)). "[W]e do not 'credit conclusory allegations or draw

- 3 -

farfetched inferences.'" Id. (quoting Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)).

Keane was employed by Expeditors US and worked in its facility in Peabody, Massachusetts, from 1998 to 2018. In 2016, an officer of Expeditors US, who Keane's complaint alleges was acting on behalf of Expeditors HK, approached Keane about transferring his employment to Hong Kong. His complaint alleges that during their negotiations, he "reached a mutual oral agreement" with Expeditors US that his "move would be of a temporary nature," and Expeditors US "agreed that [Keane's] employment status would remain with Expeditors [US]." In 2018, Keane entered into a written employment agreement setting forth the terms of his Hong Kong relocation, which stated his employment would be with the Expeditors US North Asia Regional Office and was signed "[f]or and on behalf of Expeditors [US]."[1] Under that agreement, Keane moved to and began working in Hong Kong in September 2018.

On September 25, 2023, Keane entered into a new employment contract under which he continued to work in Hong Kong at the Expeditors HK offices and which undisputably designated

---

[1] Notwithstanding the language of the 2018 agreement, appellees argue that the agreement switched Keane's employment to Expeditors HK. We credit Keane's version of these genuinely disputed facts, see Ward, 89 F.4th at 209, and, in any event, our disposition of this case does not turn on this.

Expeditors HK as his employer.[2]  The affidavit of Kaiser Lam, Regional Vice President of Expeditors HK, states, inter alia:

> Expeditors HK is not incorporated in Massachusetts and does not maintain its principal place of business in Massachusetts. Expeditors HK is not registered to do business in Massachusetts, . . . does not maintain any office in Massachusetts, does not own any properties in Massachusetts and does not have any employees in Massachusetts. As a company organized under the laws of Hong Kong and registered to do business in Hong Kong, Expeditors HK has sued and been sued in Hong Kong courts. After Plaintiff's relocation to Hong Kong in 2018, Expeditors HK maintained and administered Plaintiff's employment records in Hong Kong. Expeditors HK maintains its own ledgers and accounting books; prepares its own business plans, payroll, budget and financial statements; administers and controls its own health plan and related benefits; and controls the decisions regarding hiring and firing of its employees.

Keane's complaint alleges he was informed that a coworker made a sexual harassment allegation concerning his conduct toward her at a September 21, 2023, Expeditors HK event in Hong Kong.  Expeditors HK investigated the allegation, interviewing Keane and other individuals in or around Hong Kong, and subjected Keane to a disciplinary proceeding.

---

[2]  Keane argues that the 2023 agreement was a "calculated move" by appellees to "divest the U.S. District Court of jurisdiction over his claims," and from this attempts to argue that the district court had jurisdiction over his claims.  We reject the argument, which is unsupported by specific facts or any legal authority and runs counter to foundational freedom-of-contract principles.

- 5 -

On December 11, 2023, Keane's employment was terminated by letter from Expeditors HK, which stated that the sexual harassment allegation had been "substantiated," his actions were "a serious violation of Expeditors' Code of Business Conduct," and "[t]his was the second allegation of sexual harassment made against [him]." Keane's complaint alleges that "the only antecedent instance of a sexual harassment claim involving [him] dates back to the period of 2014 to 2015," when he was located in Massachusetts and employed by Expeditors US. His complaint alleges, but without any supporting facts, that the CEO of Expeditors US "had secretly developed a plan to reduce the workforce by 2,000" and had "personally sanctioned the termination of [his] employment." His complaint further alleges that "Expeditors HK shares common management with Expeditors [US]," and that "Expeditors [US] wields direct and substantial command over the business activities of Expeditors HK."

## II.

"When a district court reviews a motion to dismiss under the prima facie standard, . . . our review is de novo," Bluetarp Fin., Inc. v. Matrix Const. Co., 709 F.3d 72, 79 (1st Cir. 2013), under which "[w]e are not bound by the district court's reasoning . . . [and] are free to uphold the judgment on any ground supported by the record," Ward, 89 F.4th at 209.

At the core of each count of Keane's complaint, including those against Expeditors US, is his allegation that he was "unlawfully" and "summarily" terminated by Expeditors HK.[3] Indeed, when asked at oral argument whether Keane has any claims remaining without Expeditors HK and without proving his termination by Expeditors HK was wrongful, Keane's counsel conceded that most such claims would "probably not" survive and would be "problematic."[4]

As to the claims against Expeditors HK, we affirm the district court's dismissal for lack of personal jurisdiction on the independently sufficient ground that, even crediting Keane's allegations as to Expeditors HK's conduct in Massachusetts, that alleged conduct is not, as is required by the Due Process Clause, "an important, or [at least] material, element of proof" for these

---

[3]     Keane's complaint brings six counts: breach of the 2018 oral and written contracts against Expeditors US; breach of the 2023 contract against Expeditors HK; and discrimination in violation of Title VII, tortious interference with business relations, and negligent infliction of emotional distress against both.

[4]     Keane's counsel, during rebuttal at oral argument, stated that the interference with prospective business relations count brought against both defendants "may be a surviving claim." That argument fails because this claim, too, is tied to Expeditors HK's allegedly wrongful termination of Keane's employment. The claim challenges Expeditors HK's investigation into the allegedly false sexual harassment allegation against Keane and its failure to halt rumors spread by one of its employees about that allegation and as to other matters, and the sexual harassment allegation led to the termination of Keane's employment.

claims.  <u>Platten</u> v. <u>HG Bermuda Exempted Ltd.</u>, 437 F.3d 118, 137 (1st Cir. 2006) (alteration in original) (quoting <u>Harlow</u> v. <u>Child.'s Hosp.</u>, 432 F.3d 50, 61 (1st Cir. 2005)).  Expeditors HK has offered evidence that "Expeditors HK maintains its own ledgers and accounting books; prepares its own business plans, payroll, budget and financial statements; administers and controls its own health plan and related benefits; and controls the decisions regarding hiring and firing of its employees," which Keane has failed to rebut beyond "conclusory allegations" and facts requiring us to draw "farfetched inferences."  <u>Ward</u>, 89 F.4th at 209 (quoting <u>Alioto</u>, 26 F.3d at 203).

The claims against Expeditors US attempt to hold Expeditors US accountable for the actions of Expeditors HK in terminating Keane's employment.  But Keane's complaint contains insufficient allegations or even a request to pierce the corporate veil, nor does it allege sufficient facts on which Expeditors US can be held liable for Expeditors HK's actions.[5]  In short, Keane's

---

[5]    Keane alleges in his complaint that "the CEO of Expeditors [US] is a director of Expeditors HK" and states in his affidavit that the Senior Vice President of Expeditors US is also a Director of Expeditors HK, but "common management, alone, generally will not permit disregard of the formal barriers between separate legal entities." <u>Middlesex Ret. Sys., LLC</u> v. <u>Bd. Of Assessors of Billerica</u>, 903 N.E.2d 210, 217 (Mass. 2009).  His complaint further alleges that "Expeditors HK is required to implement and follow the Code of Business Conduct, personnel policies, and business directives promulgated by Expeditors [US]," but this hardly rises to the level of "pervasive control." <u>See</u> <u>Lipsitt</u> v. <u>Plaud</u>, 994 N.E.2d 777, 788 (Mass. 2013).

complaint does not allege facts sufficient for "a determination that the parent corporation directed and controlled the subsidiary, and used it for an improper purpose," as required to "disregard settled expectations accompanying corporate form." Scott v. NG U.S. 1, Inc., 881 N.E.2d 1125, 1132 (Mass. 2008); see also Lipsitt, 994 N.E.2d at 788 (There are "twelve factors which should be considered in deciding whether to penetrate the corporate form," such as "thin capitalization" and "nonobservance of corporate formalities." (first quoting Evans v. Multicon Constr. Corp., 574 N.E.2d 395, 398 (Mass. Ct. App. 1991); and then quoting Att'y Gen. v. M.C.K., Inc., 736 N.E.2d 373, 380 n.19 (Mass. 2000))). This court has dismissed like efforts to ignore corporate formalities in claims of wrongful termination of employment. See Baez v. Baymark Detoxification Servs., Inc., 123 F.4th 62, 66-67 (1st Cir. 2024) (dismissing Massachusetts state law wrongful termination claim because, even though plaintiff's employer was defendant's sister company, it was undisputed that defendant "exercised no control over [plaintiff]" and had "[no] relationship employment-based or otherwise" to plaintiff); DeLia v. Verizon Commc'ns Inc., 656 F.3d 1, 5 (1st Cir. 2011) (dismissing Title VII claim against defendant, because, even though plaintiff's employer was a subsidiary of defendant, plaintiff had "failed to demonstrate that [defendant] had any control over the 'manner and means' by which she performed her job" (quoting Alberty-Vélez v. Corp. de

P.R. para la Difusión Pública, 361 F.3d 1, 7 (1st Cir. 2004))).

And "[s]uit cannot be brought against the wrong defendant simply because the correct defendant . . . has not registered to do business within the forum state." Baez, 123 F.4th at 67.[6]

We **affirm** the judgment of dismissal. No costs are awarded.

---

[6] Because we affirm the dismissal of the claims against Expeditors US on this alternate ground, we need not address Keane's arguments that the district court abused its discretion in dismissing the contract claims against Expeditors US under the doctrine of forum non conveniens.